TEXAS & PACIFIC RAILWAY COMPANY v. J. R. CRAWFORD.

Decided February 25, 1909.

**1.—Contributory Negligence—Charge.**

An instruction to the effect that if defendant was negligent and plaintiff also, the verdict should be for defendant, was not objectionable because authorizing a verdict for defendant only in case it was negligent.

**2.—Discovered Peril—Charge.**

An instruction to find for defendant if its servants did not know of plaintiff's position of peril, or did know it in time to have avoided striking him, was erroneous because too favorable to defendant, and was not prejudicial to it.

**3.—Discovered Peril—Pleading.**

An allegation that defendant carelessly and negligently moved and ran one

of its engines against plaintiff is sufficient to support proof on and submission of the issue of discovered peril.

**4.—Discovered Peril.**

Evidence, in case of a man struck by a slowly moving train while walking on track at station, considered, and held to support the submission of the issue of negligence on discovered peril.

**5.—Damages—Diminished Earning Capacity—Pleading.**

A general allegation that on account of plaintiff's injuries his ability to earn a living was greatly impaired is sufficient pleading to support the submission of that element of damages to the jury.

**6.—Negligence—Discovered Peril—Charge.**

A requested instruction relieving defendant from liability for running its train against a man on the track if the engineer did not and could not discover him was erroneous in ignoring the duty of the fireman also to keep watch and, having actually discovered plaintiff on the track, to give him warning.

**7.—Contributory Negligence—Choice of Dangerous Position—Charge.**

A requested instruction relieving defendant from liability if plaintiff voluntarily chose a dangerous instead of a safe place was improper because ignoring the question of plaintiff's knowledge of the dangerous conditions and that of discovery by defendant of his dangerous position.

**8.—Charge.**

It is proper to refuse requested instructions which are embraced, substantially, in the charge given.

**9.—Requested Charge.**

A proposition may be so plain that it is unnecessary to give it in charge to the jury though requested.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*F. H. Prendergast* and *W. L. Hall,* for appellant.

*L. P. Wilson* and *W. C. Lane,* for appellee.

WILLSON, Chief Justice.—This appeal is from a judgment for the sum of $950 recovered by appellee, the plaintiff in the court below, against appellant, in an action for damages for personal injuries appellee alleged he had suffered as a result of negligence on the part of appellant.

It appeared from the evidence that the accident occurred at Woodlawn, a station on appellant's line of railroad. At that station it had two tracks, the main-line track and a sidetrack. The tracks were about eight feet apart and ran north and south and parallel with each other. The sidetrack was situated east of the main-line track, the depot just east of the sidetrack, and the postoffice a short distance east of the depot. The place provided by appellant for the purpose and used by persons entitled as passengers to be transported by its trains from which to get aboard the same was the space about eight feet wide between the main and the sidetracks. When a train was on the main track and another train was opposite it on the sidetrack, the

space between them was about four feet. Appellee reached Woodlawn about thirty minutes before the southbound passenger train was due. Seated on the steps of the postoffice about thirty yards from the main track, he was waiting for the coming of said southbound passenger train, on which as a passenger he intended to go to Marshall. While he was so waiting a freight train from the south, northbound, took the sidetrack, stopping something like twenty-five or thirty yards south of the depot. As the passenger train approached the station appellee walked from the postoffice to the depot and across the sidetrack, and then turned north, walking between the two tracks and toward the point where passengers usually boarded southbound passenger trains. The passenger train as it approached the station was moving rapidly, and as it was about to reach the point where he was walking appellee, still walking north, veered towards the east and was struck by the beam of the pilot on the freight train, which in the meantime, without his knowledge, had begun slowly to move north on the sidetrack. The verdict of the jury in appellee's favor should be held to include a finding that appellant was guilty of negligence in so moving its train, and that appellee was not guilty of negligence which contributed to the injuries he suffered, or, if he was guilty of such negligence, that appellant's employes in charge of its said freight train discovered him in the perilous position he occupied in time by means available to them to have averted the accident. The evidence, we conclude, was sufficient to support such findings by the jury. From the testimony of appellee it further appeared that at the time he was injured he was sixty years of age, was a millwright, saw-filer and machinist, and was earning $100 per month; that until a short time before the accident he had been earning $150 per month; that he had a lame ankle, but otherwise was "stout" and "all right;" that as a result of the injuries he received he suffered from his head, back, side, hip and shoulders, vomited up blood, and was confined to his bed about five weeks, had paid for medicines and services of physicians about $25, and at the time of the trial, about eighteen months after the accident, was barely able to be up and about.

*After stating the case.*—The court instructed the jury: "If you find from the evidence that the defendant was negligent in propelling the engine against plaintiff as above set out, but you also find that plaintiff was negligent in going upon the ground at the point and putting himself in a position of peril in which he would likely suffer injury by the movement of the defendant's train, then you will find for the defendant." The instruction is assigned as error, on the ground that it required the jury, if they believed appellee was negligent in the particulars referred to, before finding for appellant to believe that it also was negligent, whereas if appellee was negligent the verdict should have been in its favor, whether it was negligent or not. The instruction, we think, is not justly subject to such criticism. The effect of the language used by the court was to tell the jury, if they believed appellee was guilty of negligence, to find for appellant, notwithstanding they might also believe that it was guilty of negligence. The court further instructed the jury: "If the jury shall find from

the evidence that defendant's servants in charge and control of the operation of its engine did not actually know of the plaintiff's peril, if any, or if they knew of it in time to have avoided striking him with said engine by use of all effective available means then at hand, consistent with the safety of the engine and its operation, then in either event you will find for defendant company." The criticism made of the instruction is that it told the jury to find for defendant if they believed its employes in charge of the engine either knew or did not know that appellee was in a position rendering it perilous to him for them to neglect to use the means at hand to prevent injury to him by the movement of the engine. It is apparent that the instruction— doubtless because of the failure of the court to use language he intended to use to express his meaning—was erroneous. But the error was favorable to appellant, and therefore it should not be heard to complain of it.

The instruction last quoted was followed by one in the court's charge as follows: "On the other hand, if you find from the evidence that the plaintiff was not negligent in going to the place near the track where he was struck, and in the manner of his doing so, or if negligent, yet if you are satisfied that the plaintiff was discovered near the track by defendant's servants in charge of the engine, and that said servants negligently failed to use ordinary care to stop or check the train and avoid striking the plaintiff after it became reasonably manifest to them that the plaintiff would not move far enough away from the track to keep from being struck, and if the plaintiff received his injuries through the negligence of such servants as above defined, then find for the plaintiff." The specific objection urged to this instruction is that neither the pleadings nor the evidence made an issue as to discovered peril. The allegation in the petition was a general one that appellant carelessly and negligently "moved and ran one of its engines against plaintiff, thereby knocking him down and thereby greatly and seriously and permanently hurting and injuring him," etc. We think the allegation was sufficient to support the charge. Galveston, H. & S. A. Ry. Co. v. Dyer, 38 S. W., 218; Texas & Pac. Ry. Co. v. Meeks, 74 S. W., 329; 2 Abbott's Brief on Pleadings, 1500. The engineer operating the locomotive drawing the freight train testified that he did not see appellee at all before the pilot beam struck him. He further testified that at the time the engine was moving about as slow as it could be operated and move the train—"about as slow," he added, "as an ordinary man would walk." Appellee testified he was walking towards the north, the direction in which the freight train was moving, at the time the pilot beam struck him. The fireman of the locomotive drawing the freight train testified as follows: "As I started to pull out I stopped to fire up, which would take me about one and a half or two minutes, and I got up and was standing by the seat-box on the right-hand side of the switch going north, and as I leaned out of my cab window I seen a man standing or walking very slowly in front of the engine, twelve or fifteen inches from the engine, and I called to the engineer to look out, stop, and I called about three times, and the passenger engine had just passed us, and the engine I was on was slipping along and

the engineer thought I was hallooing to some one on the passenger train, and I called about the third time before he stopped. I saw the engine get against him, but I could not see him. The freight engine when it hit him was going so slow I can not tell how slow. It was going about as fast as you would go in going from here to the door in a walk. . . . At the time I saw the man walking along in front of the engine the passenger train had not stopped." It did not appear from the evidence that any effort was made after the fireman discovered appellee's perilous position either to stop the freight train or, by blowing the whistle or ringing the bell of the engine, warn him of the danger threatening him from the approaching engine. We are not prepared to say that the evidence referred to was not sufficient to authorize the court to submit to the jury discovered peril as an issue in the case. It was the duty of the fireman at once when he discovered that appellee was in peril from the moving freight train to resort to all means available to him to prevent injury to appellee. In view of the testimony showing appellee to have been walking from the freight train and that it was moving towards him at about only the speed he was walking, it should not be said that the injury to him might not have been avoided had the fireman when he discovered his position promptly warned him of the approach of the engine by ringing its bell. Whether the injury to him under the circumstances might have been so averted by the fireman, or not, we think is a matter about which the minds of reasonable persons might differ.

On the ground that the pleadings did not authorize it, appellant assigns as error an instruction by the court to the jury telling them, if they found in favor of appellee, they might consider his lessened capacity to labor and earn money in the future in determining the amount of damages to which he was entitled. In this petition appellee alleged that he had "lost a great deal of time by reason of and on account of said injuries, his ability to earn and make a living was greatly impaired and lessened," etc. The assignment is without merit and is overruled.

Appellant requested the court to instruct the jury: "If the plaintiff went onto the sidetrack so near to the front end of the engine of the freight train that the engineer on the freight train could not see him from his position on the engine, and said engineer did not see him and had no reason to suppose plaintiff was in a place of danger, then the engineer would not be guilty of negligence and the defendant would not be liable." The court did not err in refusing to instruct the jury as requested. The instruction was clearly erroneous in that it ignored the duty on the part of both the engineer and the fireman to keep a lookout for persons who might be in a position of danger ahead of the freight train, and ignored the duty on the part of the fireman to promptly act when he discovered appellee's perilous position. Nor did the court err in refusing to instruct the jury, as requested by appellant, that appellee would not be entitled to recover if he "was not in any place of danger when he moved over on the sidetrack on which the freight train was, and the place to which he moved was a place of danger from the movement of the freight train, and the place from which he moved was not a place of danger, and it was not

necessary for him to move in the way of the freight train, and if the engineer·on the freight train did not see him in the place of danger and had no reason to believe he was there." The instruction as requested was erroneous in ignoring the uncontroverted fact that appellee did not know that the freight train was moving north on the sidetrack, and therefore, in the exercise of proper care, may not have been negligent on going on or near the sidetrack in front of it as it approached; and in ignoring the fact that the fireman may have discovered him in the place of danger occupied by him in time to have averted the injury to him, and may have negligently failed to do so.

We do not think the court erred in refusing the special instruction asked by appellant on the issue of contributory negligence on appellee's part. The instruction given by the court in his main charge on that feature of the case was substantially the same as the instruction refused. Nor do we think the court erred in refusing the instruction asked by appellant telling the jury that there was no evidence in the case on which to base a finding that appellant was guilty of negligence in its manner of handling the passenger train. As remarked by appellant in its brief, it was "plain that the plaintiff could not recover for any negligence in handling the passenger train"—so plain, we think, that it was unnecessary to so instruct the jury. Certainly without entirely ignoring the instructions given them, the jury could not have based their finding on negligence of appellant in that respect, if they thought it was so negligent.

The assignment of error remaining complains of the action of the court in not granting appellant a new trial on the ground that the verdict was contrary to the evidence, in that it appeared from the evidence that appellee was negligent in going to the place where he was when the engine struck him, and in that it did not appear that appellant was negligent. We think the evidence in both the respects specified was sufficient to support the findings of the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.