## COMPTON v. JENNINGS LUMBER CO.

Court of Civil Appeals of Texas. Eastland.
May 20, 1927.

1. **Mechanics' liens** ☞113(2)—**Legal notices to building owner of material furnished contractor held to impound funds in owner's hands sufficient for payment.**

Legal notices given by a subcontractor to building owner showing material furnished to the contractor *held* to impound funds in the hands of the owner sufficient to pay for the materials furnished.

2. **Mechanics' liens** ☞209 — **To constitute "waiver" of materialman's rights against building owner, there must be affirmative act inducing owner to believe strict performance is not expected.**

In order to constitute a waiver of materialman's rights against a building owner there must be an affirmative act on the part of the materialman inducing the owner to rest on the belief that strict performance is not expected.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waiver.]

3. **Mechanics' liens** ☞281(5) — **Evidence held sufficient to sustain jury's finding that materialman's notices to owner, of materials furnished to contractor, were delivered.**

In action for the foreclosure of a materialman's lien, evidence *held* sufficient to sustain jury's finding that materialman's notices of materials furnished were delivered to owner, especially considering his admissions, although the owner's witnesses had no recollection of their actual delivery.

4. **Appeal and error** ☞1064(1)—**Failure of clerk to place file mark on charge to jury before charge was read held not reversible error (Rev. St. 1925, art. 2185).**

Failure of clerk to stamp his file mark on the charge before it was delivered to the jury, *held* not reversible error, notwithstanding Rev. St. 1925, art. 2185, requiring that the court's charge to the jury shall be filed with the clerk.

5. **Trial** ☞313—**Communication between judge and jury foreman standing in open doorway between court room and jury room held not to violate statutes prohibiting communication except in open court (Rev. St. 1925, arts. 2197, 2198).**

Where foreman came to door between jury room and court room while the jury were deliberating and asked the trial judge whether a certain answer would be responsive to the question, and the judge replied that the jury should answer as they found the facts to be, *held* that Rev. St. 1925, arts. 2197, 2198, providing that communication between the judge and jury after the jury have retired shall be in open court, were not violated.

6. **Trial** ☞313—**Judge's reply to jury foreman's question held mere refusal to communicate information (Rev. St. 1925, arts. 2197, 2198).**

Where jury foreman, while jury were deliberating, came to the door between the jury room and the court room and asked the judge whether a certain answer would be responsive to a question, and the judge replied that the jury should answer as they found the facts to be, his reply amounted to no more than a refusal to communicate any information to the jury, and the transaction did not violate Rev. St. 1925, arts. 2197, 2198, providing that after having retired the jury might ask further instructions by appearing before the judge in open court in a body and asking questions through the foreman.

7. **Judgment** ☞203—**Judgment on first and second trials together held to constitute "final judgment."**

Where judgment on the first trial disposed of several defendants and on the second trial of the remaining one, *held* that the two judgments together constituted the final judgment of the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

8. **Judgment** ☞203—**Judgment on second trial disposing of case as to only one of several defendants held valid final judgment, where judgment on first trial disposed of all others.**

Where on the first trial of a case the issues were determined as between the plaintiff and all except one defendant, judgment on the second trial disposing of case as to the remaining defendant only *held* valid final judgment, though on the second trial the other defendants had remained in plaintiff's pleadings.

### On Motion for Rehearing.

9. **Corporations** ☞657(7)—**Sales by foreign corporation before obtaining permit to do business held not illegal but merely unenforceable (Rev. St. 1925, art. 1536).**

Sales by a foreign corporation before it has obtained a permit to do business within the state are unenforceable under Rev. St. 1925, art. 1536, but are not made illegal or void.

10. **Corporations** ☞657(7)—**Foreign corporation may apply payments of its debtor to items first due, though some items accrued prior to permit to do business in state.**

A foreign corporation has the right to apply the payments on the account of its debtor to the items first falling due, even though some of these items accrued prior to the issuance of a permit to do business within the state.

11. **Appeal and error** ☞1203(4)—**Where only one defendant appealed and obtained retrial, and judgment as to others was made final, they were not required to take notice of further proceedings.**

Where only one party objected to final judgment on the first trial of a case and obtained a retrial, and the judgment as to the others was made final, they were not required to take notice of any further proceedings in the suit, although their names were retained as defendants in plaintiff's pleadings.

**12. Appeal and error** ⬥1173(2)—**Where only one defendant appeals and obtains new trial, judgment as to others will require bill of review to reopen.**

Where only one of several defendants appealed and obtained a new trial, and the judgment as to the others was made final, *held* that such judgment might be opened as to the others only by a bill of review, and the trial court might disregard the fact that their names were retained in the pleadings on the second trial.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by the Jennings Lumber Company against R. B. Compton and others. Judgment for plaintiff against named defendant, and he appealed and obtained a reversal as to himself alone. On retrial, judgment was for plaintiff, and defendant Compton appeals. Affirmed.

Ben L. Cox and Sayles & Sayles, all of Abilene, for appellant.

R. W. Haynie, of Abilene, for appellee.

HICKMAN, J. This is the second appeal of this cause. The opinion on the first appeal will be found in Compton v. Jennings Lumber Co. (Tex. Civ. App.) 266 S. W. 569. In accordance with the instructions contained in the opinion by the El Paso court, the case was retried upon the issues between plaintiff in error and defendant in error alone, without reference to the other parties to the original suit. The last trial was before a jury, resulting in a judgment against plaintiff in error for $2,824.05, besides interest, and the foreclosure of a materialman's lien upon a certain lot in the city of Abilene upon which the building involved in this suit was erected.

The plaintiff in error presents to this court the same grounds for reversal that were urged before the El Paso court upon the former appeal, and in addition thereto urges other grounds. We shall not discuss the issues decided in the former opinion. The assignments of error raising all questions discussed in that opinion are overruled.

The other questions here presented will be discussed in their order.

[1, 2] One of the questions is based upon the refusal of the trial court to give certain special charges to the jury, the effect of which was to have the jury determine whether or not defendant in error had waived its right to look to plaintiff in error for the payment of its account, because of an alleged agreement on the part of the vice president and manager of the defendant in error to look to the J. L. Scott Construction Company alone for payment. The issues also called for a finding with regard to whether or not defendant in error was estopped by the words, acts, and conduct of its vice president and general manager to claim a lien against the building and lot in controversy. We have concluded that the evidence did not warrant the submission of these special charges to the jury. The defendant in error fixed, its right to the impounded fund in the hands of the plaintiff in error by serving the notices required by law, and in order to constitute a waiver of its right an affirmative act on its part must have induced plaintiff in error to rest on the belief that strict performance was not expected. No such affirmative act is shown here. Neither do the elements of estoppel appear.

[3] It is urged that the evidence was insufficient to show the delivery by defendant in error to plaintiff in error of certain of the weekly accounts for material sold by defendant in error to the construction company. These assignments complain of several statements of account, pointing each one out specifically and complaining that there was no evidence in each instance of any actual delivery of such statement of account to plaintiff in error. Upon cross-examination the witnesses of defendant in error showed that they had no independent personal recollection concerning the actual delivery of certain specified notices. This question is not without difficulty, but a careful examination of all facts bearing upon the issue, together with the admissions of plaintiff in error, has led us to the conclusion that there was sufficient evidence to sustain the finding of the jury that all of these notices were delivered either in person or by mail.

[4] Reversal of the judgment is sought on the ground that the judge's charge was not filed until after the jury had returned their verdict and was then filed by order of the court directing the clerk to file same nunc pro tunc. The bill of exceptions complaining of the action of the court in this charge was qualified by the trial judge as follows:

"The clerk was present and inadvertently failed to place his file mark on the charge, although said charge as given to the jury was the same one that was later indorsed by the clerk. It bore my signature. * * *"

No authority is cited by the plaintiff in error in support of his contention. Article 2185 of the Revised Statutes of 1925, requires that the charge shall be filed with the clerk, but nowhere makes it mandatory that the file mark be placed thereon before it is read to the jury. It appears that the failure of the clerk to stamp his file mark on this charge before it was delivered to the jury was an inadvertence, and, not believing that such failure in anywise prejudiced plaintiff in error, the assignment is overruled.

[5, 6] Complaint is made that the court orally communicated with the jury in a manner not provided and authorized by articles 2197 and 2198 of the Revised Statutes 1925. The bill of exceptions covering this matter, as qualified by the trial judge, discloses that

the jury room adjoins the court room, there being a door separating the two; that while the jury was deliberating the foreman came to the door between the jury room and the court room and orally asked the trial judge whether or not a certain answer to one of the special issues would be responsive to the question; that the trial judge was in the court room at the time and was near the open door; that counsel for plaintiff in error were present; and that the only reply made by the trial judge was that the jury should answer as they found the facts to be. We believe that the fact that the jury was in a separate room from the regular court room with an open door between them did not have the effect of preventing this transaction from coming within the statute requiring that the communication should be in open court. Wichita Falls Compress Co. v. W. L. Moody & Co. (Tex. Civ. App.) 154 S. W. 1032.

We believe that the answer of the court to the question of the jury amounted to no more than a refusal to communicate any information to them. We recognize the importance of the provisions of the statutes and of the wisdom of the decision of our Supreme Court in the case of Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1164, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, yet we do not think the transaction complained of in this bill comes under the condemnation of the statute.

[7, 8] The last error assigned is based upon the proposition that the judgment did not dispose of all of the defendants, for which reason it is not a final judgment. In the original suit, as disclosed by the opinion of the court upon the former appeal, there were several parties defendant. The judgment upon the first trial was reversed by the El Paso Court of Civil Appeals and remanded for a new trial as to the lumber company and Compton only. As to the other parties to the suit, the judgment was not disturbed. Prior to the trial the second time plaintiff did not amend its pleading so as to eliminate all defendants except Compton, but their names remained in the amended pleading as parties defendant. The judgment upon the last trial disposes of all the parties defendant except Compton in this language:

"And it appearing to the court that all matters in said cause of action had been duly settled and adjudicated between all of the parties except the said Jennings Lumber Company, a corporation, and the said R. B. Compton. * * *"

It is the contention of the plaintiff in error that this judgment does not dispose of the other defendants below. It is our opinion that the judgment in the former trial and the judgment complained of on this appeal together constitute the final judgment of the court upon the issues made by the pleadings. The issues having been theretofore determined as between the plaintiff and all defendants except Compton, and that judgment having become final, the trial court was without power to make any further determination with regard thereto. No disposition of such defendants could have been made by the trial court in this case. There were but two parties to the instant case, and, as the judgment disposed of the issues between them, we think it was a final judgment and overrule this assignment.

The judgment of the trial court is affirmed.

## On Motion for Rehearing.

Plaintiff in error points out in his motion for rehearing that an important question raised in his brief was not discussed by this court. The question challenges the right of defendant in error, a foreign corporation, to apply payments made to it by the contractor on open account to such portions of the open account as represented sales made prior to the time it obtained a permit to do business in Texas. This question was not discussed, because we were under the impression that it was disposed of in the opinion on the former appeal of this case; but it appears that the question is raised differently on this appeal. The question formerly presented was based on the contention that the contract under which the material was furnished was made at a time when the foreign corporation had no permit to do business in Texas, and could not, therefore, be made the basis of a suit. On this appeal the question is presented on the theory that there was no contract, but that the sales were on open account, each transaction constituting a separate sale. The argument is advanced that the sales made prior to the issuance of the permit were illegal demands, and the creditor had no right to apply payments to illegal demands, but must apply them to demands which are legal and enforceable.

[9] The case of Armour Packing Co. v. Vinegar Bend Lumber Co., 149 Ala. 205, 42 So. 866, 13 Ann. Cas. 951, presented a similar question, and the Alabama court held that the debts created before the issuance of permit were illegal, and denied the corporation the right to apply payments to such debts in preference to items purchased later after permit issued. We do not know in what respects, if any, the statutes of Alabama differ from those of Texas; but under our statute these debts are not illegal. By article 1536, R. S. 1925, the doors of our courts are closed to a foreign corporation doing business in this state without permit. The effect of this article is to make the claims unenforceable in our courts, but not illegal or void. State Bank of Chicago v. Holland, 103 Tex. 266, 126 S. W. 564; S. R. Smythe v. Fort Worth Glass & Sand Co., 105 Tex. 8, 142 S. W. 1157; Temple v. Riverland Co. (Tex. Civ. App.) 228 S. W. 605; 14a C. J. pp. 1298–1300, § 4005.

[10] We hold that, in the absence of a direction by the debtor, the creditor had the right to apply the payments on account to the

items first falling due, even though some of these items of indebtedness accrued prior to the issuance of permit to do business in Texas. 30 Cyc. p. 1236, par. B.

[11, 12] The motion for rehearing vigorously challenges the correctness of our holding that the judgment in the instant case was a final judgment. In the original suit, the lumber company sued the building contractor, the sureties on his bond, and the owner of the building. Judgment was rendered in favor of the lumber company against the owner of the building, but against the lumber company as to all the other defendants. The owner alone appealed. The judgment as against the owner was reversed, but the opinion of the Court of Civil Appeals expressly stated that it was not disturbed as to the other parties. The case came back for trial on issues between the lumber company and the owner. The judgment in favor of the other defendants as against the lumber company had become final. The reversal by the Court of Civil Appeals was on account of a defect in the pleading of the lumber company, and after the reversal and prior to the second trial, the lumber company amended its pleadings to meet the decision of the Court of Civil Appeals. All of the original defendants were retained as parties defendant in this amendment, and the same prayer was contained as in the former pleading. No different cause of action was asserted against the defendants who were successful in the former trial than that originally asserted against them. There was no change in the pleading in this respect. We held that there were but two parties before the court in the instant case, and, the issues having been disposed of as between them, the judgment was final. It is now contended that the plaintiff below was still suing all of the defendants, and that, even without additional citation, these defendants should have come into court and pleaded res adjudicata; that there was a controversy to which they were parties under the amended pleading, and the judgment was not final, because it did not dispose of that controversy.

The case of Bradford v. Taylor, 64 Tex. 169, is relied upon by plaintiff in error in his motion for rehearing in support of this proposition. We do not think it in any sense authority for the contention. In that case the plaintiff recovered a judgment against two defendants. One of them alone appealed, and upon this appeal the case was reversed generally. Afterward the plaintiff filed an amended petition, retaining both of the defendants in the original suit as defendants, and pleading, as against the defendant not appealing, the former judgment in the case. The difference between that case and the instant case is so marked as to present entirely different questions. In the instant case the defendants, who were successful in the original suit, were not required to take notice of any further proceedings in that suit after the judgment became final. The issues as to them were forever closed, and they had a right to rely upon the finality of their judgment. The court which had rendered a final judgment as to some of the parties in that very suit did not have to be advised by those parties of such judgment. It knew of its existence and effect, and it acquired no jurisdiction by an amended petition in the same case to open up and redetermine the issues involved therein. That judgment could be opened only by a bill of review. In this case it might have been more regular for the plaintiff, upon amending its petition after the decision of the Court of Civil Appeals, to have omitted the names of all of the defendants as to whom the judgment had become final; but we are not called upon to determine whether or not the pleading was regular in that regard, but are called upon to determine that there were issues between actual parties to this suit which were not disposed of by the judgment herein. To this proposition we cannot assent.

We have carefully considered the motion for rehearing, but, believing that a proper disposition of this case was made in our former opinion, the motion will be overruled.