## DALLAS RY. & TERMINAL CO. v. DARDEN.

### No. 1264–5664.

Commission of Appeals of Texas, Section B.
May 16, 1931.

a double track line of street railway. The track nearest defendant in error's place of business was located about ten feet from the curb, approximately six feet of which space was paved and the remainder nearest to the curb being rough and unpaved. On the occasion in question defendant in error's automobile was parked near the curb in front of his place of business. He received an order for some drugs to be delivered, got in his car, and drove in an angling direction toward the street car line, in order to avoid driving over the rough portion of the street next to the curb. Upon reaching the car line, one of plaintiff in error's street cars approaching from the rear collided with his automobile, inflicting upon him serious and permanent injuries.

He recovered a judgment against plaintiff in error, based upon favorable findings of a jury, which determined that he was free from contributory negligence, and his injuries were not the result of an avoidable accident, but were proximately caused by the negligence of plaintiff in error's motorman in operating said street car in the following respects: (a) The discovery of defendant in error's peril in time to have avoided the accident by the use of the means at his command; (b) failure to lessen the speed of the car after acquiring knowledge of defendant in error's position upon the track; (c) failure to give proper warning by sounding the gong; (d) operating the car at an excessive rate of speed; (e) failure to exercise proper care to keep a lookout for persons upon the track; (f) failure to keep the car under proper control.

The first proposition presented by plaintiff in error in its application for writ of error is as follows: "The issue of accident being raised, as found by the Court of Civil Appeals, and being in fact raised by the pleadings and the evidence, the Court of Civil Appeals erroneously held that the error of the trial court in placing the burden of proof upon the defendant was harmless."

· If the issue of unavoidable accident was raised by the evidence, the error of the trial court in placing the burden of proof on such issue upon plaintiff in error was not a harmless one. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521.

In its original opinion, 23 S.W.(2d) 739, 743, the Court of Civil Appeals did not find whether the issue of unavoidable accident was raised by the evidence, but on rehearing it expressly found that such issue was not raised. Its conclusion upon this point on rehearing is thus stated: "The language of the original opinion disposing of appellant's assignments attacking the court's charge on the issue of unavoidable accident leaves room for an inference that this charge was held to

Worsham, Rollins, Burford, Ryburn & Hincks, of Dallas, for plaintiff in error.

Smithdeal, Shook, Spence & Bowyer and Caldwell, Gillen, Francis & Gallagher, all of Dallas, for defendant in error.

·LEDDÝ, J.

Defendant in error, who was sixty-six years of age, conducted a small suburban store in the city of Dallas, situated on Bowen street, over which street plaintiff in error operated

be harmless solely on the ground of the findings of the jury on other issues. We thought then and think now that the manner in which the court submitted the issue of accident, while erroneous, was harmless, because that issue was not raised by the evidence. The testimony as to how the collision occurred was very definite, and clearly showed that the resulting injury was due either to the negligence of the motorman in charge of the street car, or to the plaintiff in driving his automobile on the track in front of the street car. There was no support in the evidence for the conclusion that the collision occurred without fault of either party. The submission of that issue was objected to by the appellee upon the grounds here stated, and that objection should have been sustained. We therefore conclude that the judgment should not be reversed for the erroneous submission of an issue not raised by the evidence."

The granting of the application for a writ of error in this case was no doubt induced by the statement in the application that the Court of Civil Appeals found the issue of unavoidable accident was raised by the evidence. The above quotation from the opinion of that court shows, however, that it found directly to the contrary.

■ A careful review of the facts contained in the record convinces us that the finding of the Court of Civil Appeals that such issue was not in the case is correct; hence its conclusion that the error in the charge on this issue was harmless is a sound one.

An unavoidable accident is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested· by common prudence, it was not unavoidable. Galveston, H. & S. A. Ry. Co. v. Gormley (Tex. Civ. App.) 35 S. W. 488; Hodgson v. Dexter, 12 Fed. Cas. 283, No. 6565; Smith v. Southern Ry. Co., 129 N. C. 374, 40 S. E. 86; Wilson v. Roach, 101 Okl. 30, 222 P. 1000; Dygert v. Bradley, 8 Wend. (N. Y.) 469.

■ It is impossible to announce a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. In order to determine whether such issue is involved, the facts of ·each particular case must be examined with the view of ascertaining whether there is presented a theory under which the accident could have happened, notwithstanding all the parties to the transaction exercised the degree of care required by law.

■ No such theory is presented by the evidence in this case. If the defendant in error, as contended by plaintiff in error, drove his automobile in an angling direction from the curb and on to its railway track, it was the duty of the motorman, in the exercise of proper caution, to keep a lookout to discover his approach and give warning by sounding the gong. If this was done, and defendant in error drove his car on the track at such a distance from the street car that it could not have been stopped by the motorman, when the street car was in plain view and the warning signal being sounded, then clearly the accident was the result of his own negligence. On the other hand, if he drove the automobile on the railway track when the street car was such a distance away as to render him free from any negligence, then the operator of the street car was guilty of negligence in not avoiding the accident by the use of the means at his command.

The collision between the street car and defendant in error's automobile occurred upon a street in broad open daylight, at a time when there were no obstructions of any kind between the street car and the automobile. There was nothing to obstruct the view of defendant in error toward the street car, and the automobile was at all times in plain view of the motorman. It would be going too far to say that, when a street car and an automobile are operated upon a street, under such conditions as are here shown, a collision between the two cannot be avoided by due and proper care upon the part of both parties. To so hold would be in effect to declare that in all cases where a collision occurs between a street car and an automobile the issue of unavoidable accident is necessarily presented.

■ Our conclusion is, the evidence, when most favorably construed, does not present the issue of unavoidable accident. Wichita Falls Tr. Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Boyles v. McClure (Tex. Com. App.) 243 S. W. 1080.

It is next insisted that the trial court erred in submitting defendant in error's diminished capacity to earn money as an element of recovery, because such issue finds no support in the pleadings.

The petition of defendant in error, after alleging facts showing his injuries and the extent thereof, contains the following allegations: "That by reason of said injuries plaintiff's capacity to labor and earn money has been completely destroyed up to this time, and plaintiff says will be greatly, if not completely, impaired and destroyed for all future time. Whereby he has suffered damages in the sum of $15,070.00."

■ The allegations of the petition were sufficient to justify the submission of the issue as to defendant in error's diminished capacity to labor and earn money. Similar allegations were held to be adequate in the case

of International & G. N. Ry. Co. v. Cruseturner, 44 Tex. Civ. App. 181, 98 S. W. 423, 425, in which a writ of error was denied by the Supreme Court. The court, in passing upon the sufficiency of such allegations, said: "It was not necessary for appellee to allege in his petition the amounts he could earn before and after he received his injury. It was sufficient to allege the facts showing his injuries, and the extent thereof, and that his earning capacity had been diminished by reason of such injuries, with an allegation of the amount of damages he had sustained by reason of such injuries, and the proof on the trial would furnish the jury with sufficient data upon which to base their verdict."

To the same effect are the following cases: Texas & P. Ry. Co. v. Crawford, 54 Tex. Civ. App. 196, 117 S. W. 193; Missouri, K. & T. Railway Co. of Texas v. Johnson (Tex. Civ. App.) 37 S. W. 771; Farmers' & Mechanics' Nat. Bank v. Marshall (Tex. Civ. App.) 4 S.W. (2d) 165; St. Louis S. W. Railway v. Laws (Tex. Civ. App.) 61 S. W. 498; Memphis Cotton Oil Co. v. Tolbert (Tex. Civ. App.) 171 S. W. 309; Missouri, K. & T. Railway Co. v. Vance (Tex. Civ. App.) 41 S. W. 167.

■ It is also insisted it was improper to permit defendant in error to testify, over plaintiff in error's objection, that he had lost not less than $100 per month because of inability, in his injured condition, to wait on the trade at his place of business. The evidence was not objected to as being improper as the opinion and conclusion of the witness. The grounds of the objection were "that said damages were too remote, that the same did not constitute a proper measure of damages and there were no pleadings upon which to base said testimony."

It appears that defendant in error was the owner of a drug store which he personally operated. While loss of profits from such a business is not the proper measure of damages in this character of an action, yet defendant in error's inability to carry on his business in the usual way and consequent loss of profits were circumstances which might properly be considered by the jury in determining whether his capacity to labor and earn money had been lessened.

It has frequently been decided that the loss of profits from a personally operated business may be received in evidence and considered by the jury for the purpose of determining the extent of an injured party's diminished earning capacity. Texas Electric Ry. Co. v. Worthy (Tex. Civ. App.) 250 S. W. 710; Galveston, H. & S. A. Ry. Co. v. Mallott (Tex. Civ. App.) 6 S.W.(2d) 432; San Antonio Traction Co. v. Crisp (Tex. Civ. App.) 162 S. W. 422; Ridge v. Norfolk, 167 N. C. 510, 83 S. E. 762, L. R. A. 1917E, 215; Baxter v. Philadelphia & Reading Ry. Co., 264 Pa. 467, 107 A. 881, 9 A. L. R. 504, and note.

■ Finally, it is insisted that the witness Edwards was improperly permitted to testify that some time after the accident he timed a street car entering Bowen street at McKinney avenue until it got in front of defendant in error's store, and it took about 12 or 14 seconds to run such distance.

Plaintiff in error argues that the testimony of this witness as to an observation made by him at a different time and under different conditions from those existing at the time of the accident was inadmissible. The principal reason urged against the admissibility of this testimony is that the experiment made by the witness was not under conditions similar to those existing at the time of the accident, the alleged dissimilarity being that the witness timed a street car which did not stop at the street intersection immediately above where the collision occurred, when the evidence in this case showed the street car which collided with defendant in error's automobile stopped to take on passengers at such intersection. An inspection of the bill of exception taken to the admission of this evidence shows no such objection was made in the trial court; the only objection being that the experiment proposed to be shown was not made at the time of the accident, and was "immaterial, irrelevant, and prejudicial."

While the testimony may have been open to the objection that the experiment testified to by the witness was not made under conditions substantially similar to those existing at the time of the accident, it was not subject to the objections actually made, as experiments of this character, made subsequent to an accident, have often been determined to be material and admissible. Baker v. Loftin (Tex. Civ. App.) 198 S. W. 159; Ft. Worth & D. C. Railway Co. v. Yantis (Tex. Civ. App.) 185 S. W. 969; Kansas City, M. & O. Railway Co. v. Hall (Tex. Civ. App.) 152 S. W. 445; Freeman v. Moreman (Tex. Civ. App.) 146 S. W. 1045; Houston & T. C. R. Co. v. Ramsey, 43 Tex. Civ. App. 603, 97 S. W. 1067.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.