## STINSON v. KING.
### No. 11607.

Court of Civil Appeals of Texas. Dallas.
March 30, 1935.

Rehearing Denied April 27, 1935.

House, Wilson & House, of Dallas, for plaintiff in error.

Cedric G. Hamlin, of Dallas, for defendant in error.

BOND, Justice.

C. C. King instituted this suit in a county court of Dallas county against appellant, denominating the defendant as "J. H. Taylor, Broker, a business owned and operated by R. E. Stinson." Stinson, answering the plaintiff's petition, styling himself as the defendant in the cause, filed special answer under oath denying that he was the owner and operator of the business known as J. H. Taylor, Broker, or had an interest therein, and filed formal general demurrer and general denial.

Trial was had before the court, without the intervention of a jury, and judgment rendered in favor of King and against "J. H. Taylor, Broker, a business owned and operated by R. E. Stinson," for the sum of $42, the cancellation of a promissory note in the sum of $38.50, and made permanent an injunction theretofore issued restraining the said defendant from harassing and annoying the plaintiff, his wife, and employers in further demanding payment of said note. The judgment denied to plaintiff recovery of $500 or any part thereof, alleged due for damages to his reputation, etc., on account of the acts and conduct of the said defendant in trying to enforce payment of the said note.

Subsequently, R. E. Stinson filed an original motion and an amended motion for a new trial, and again denominated himself as the defendant in said cause, urged action of the trial court thereon, and, on an adverse ruling, gave notice of appeal, and perfected the appeal as the aggrieved party in the judgment by the filing of a supersedeas bond, and causing citation to be

served on the defendant in error. In all the stages of the proceedings in the court below, R. E. Stinson denominated himself and acted as the defendant, and at no time did he raise the issue by special exception or otherwise that he was not the proper party sued or that plaintiff's petition was lacking of a real party defendant.

It may be conceded as elementary that suits can be maintained by and against only parties having an actual or legal existence. Every individual who is sued must be sued in his own name, that is, the name by which he is legally known as distinguished from other individuals. No suit can lawfully be prosecuted save in the name of a plaintiff and against a defendant having a legal entity either as a natural or as an artificial person. There must be a real plaintiff and a real defendant. If the name "J. H. Taylor, Broker," is the name subscribed as the defendant in this suit, and the petition designating such as a defendant and there stopped without further description, we would be constrained to hold the suit a mere nullity. But the name "J. H. Taylor, Broker, a business owned and operated by R. E. Stinson," as the defendant, we think cannot be fairly said to import that the suit was against "J. H. Taylor, Broker." A construction to a petition may always be given as the parties themselves construe and act on it. Stinson recognized that he was the real defendant, as in his answer and other proceedings incident to the appeal he termed himself the defendant. Thus, he should not be permitted in the court below to contest appellee's suit on the theory that he was the real defendant, and then in the appellate court for the first time take an opposite view. We are of the opinion that a reasonable construction to be given of the suit is that the defendant R. E. Stinson owned and operated the business of "J. H. Taylor, Broker"; that "J. H. Taylor, Broker," was merely the trade-name of R. E. Stinson, and when he was sued under the trade-name, limiting it to him alone as being the owner and operator of the business, the suit implies as being against him and not against the trade-name.

If the point had been raised in the court below before judgment, clearly the petition could have been amended, revising the language so as to complain against "R. E. Stinson, owner and operator of the business of J. H. Taylor, Broker." Evidently, such an amendment would not have been making or substituting of a new party, but would have been merely the correction of the name of the real defendant to the suit. The suit having been directed against "J. H. Taylor, Broker, a business owned and operated by R. E. Stinson," citation having been served on R. E. Stinson, and judgment subsequently having been entered against such named defendant, the suit is not a nullity; Stinson, who is, in fact, the real person to whom the suit is directed, cannot escape the binding effect of such judgment because of such appellation. So, we think the petition, in effect, alleges that R. E. Stinson is the owner and operator of the business of J. H. Taylor, Broker, and against whom the suit is instituted.

The view we take of the case renders it unnecessary to discuss the question raised in the further assignment of error as to the insufficiency of the evidence to sustain the finding of the trial court to the effect that R. E. Stinson was the owner and operator of the "J. H. Taylor, Broker." In passing, however, we may state that the evidence is meager, circumstantial, and barely, if it does, raises a reasonable inference that R. E. Stinson was in fact the owner of the "J. H. Taylor, Broker," and, in law, liable on the claimant's demands. As this case must be reversed on other grounds, we pretermit further discussing on this assignment.

After the plaintiff and the defendant had announced that they both had closed their testimony and before the court had pronounced its decision, the defendant requested permission to withdraw the announcement for the purpose of placing the defendant, R. E. Stinson, on the witness stand to give testimony that he is not the owner of the business known as "J. H. Taylor, Broker"; that he does not now and never has been connected with that business other than a mere employee; and, further, the defendant petitioned the court for the privilege of reopening the case for the purpose of introducing in evidence the trade-name records of Dallas county, Tex., which show that J. H. Taylor, and not R. E. Stinson, was the owner of the business known as "J. H. Taylor, Broker." The trial court refused the request of the defendant to reopen the case, and submit the proffer. In this we think the court erred.

Article 2181, Rev. St. 1925, provides: "At any time before the conclusion of the argument the court may permit additional evidence to be offered to supply an omis-

sion where it clearly appears to be necessary to the due administration of justice."

It is manifest, we think, .that under the provisions of this statute and we may say it is a well-settled rule of law, recognized by all the courts of this state, that it is within the sound discretion of the trial judge to allow additional testimony under circumstances as .presented in this record. In the case of Pittsburg Plate Glass Company v. Roquemore et al. (Tex. Civ. App.) 88 S. W. 449, 450, the trial court refused to permit additional proof to be made before the court peremptorily directed a verdict. The proferred testimony was admissible. The Court of Appeals said: "It made no difference that plaintiff had rested its case,. and that the court was in the act of writing the peremptory instruction, when plaintiff requested to be allowed to make such proof, which we infer from the bill of exceptions was the reason why the court so ruled. The judgment will therefore be reversed, and the cause remanded." In the case of Puckett & Wear v. City of Fort Worth (Tex. Civ. App.) 180 S. W. 1115, 1117, the plaintiffs failed to make the proof of certain notice a prerequisite to their suit. The trial court announced his intention to give a peremptory instruction in favor of the defendant on the ground of plaintiff's failure. in proof as to such notice. The plaintiff then asked leave to supply such omission and offered to do so, which was refused. The Court of Appeals said: "We are of the opinion that the judgment of the trial court must be reversed because of the refusal of the trial judge to permit plaintiffs to make further proof of the notice given to the city. It appears that during the trial of the suit some proof was offered to show that such notice was given, but the same failed to fully comply with the charter provision. When the introduction of the evidence had been closed, and before the argument had begun, the court announced his intention to give a peremptory instruction in favor of the defendant by reason of the failure of proof of such notice. Thereupon counsel for plaintiffs asked leave to supply such omission, and offered to do so by one of the plaintiffs, who, according to the bill of exception, would have testified fully upon that question, and would have supplied the deficiency of the proof already offered. It is a well-settled rule that it is within the discretion of the trial judge to allow additional proof under similar circumstances, and that his 'action in permitting or· refusing the

same will not be disturbed in the absence of some showing of an abuse of such discretion. [Citing authorities.]" So, also, is the uniform holding of numerous authorities of this state; we find none to the contrary, each pronouncing the rule of law that it is error for the trial court to refuse, before judgment, to reopen the case for additional testimony on controverted issues, and which would have caused no delay. This court is fully committed to the proposition, to the due administration of justice.

The judgment of the lower court is reversed, and the cause remanded.

### On Motion for Rehearing.

Our attention is called to the fact that the request of the defendant to with-′ draw his announcement closing the case and for permission to offer further testimony was made after the court announced its decision. We find, on further inspection of the record, that we were in error in stating that such request was made before the court made its announcement. The request was made after argument of the parties and after the announcement of the court of its final decision. We· think, however, such does not ·change the rule as announced in our original opinion. The request was a reasonable one, the granting of it by the trial court would have caused no delay, and the proffered testimony evidently supplied an omission which clearly appears necessary to the due administration of justice. It would be harsh, indeed, for a judgment to stand against appellant for the debt of "J. H. Taylor, Broker," if, in fact, he was not the owner of the business, and let the real owner go free.

The judgment in the court below is predicated, which we did not state in the original opinion, on pleadings and uncontroverted testimony that the transaction between the appellee and "J. H. Taylor, Broker," was tainted with usury, in that, on August 15, 1931, appellee borrowed of J. H. Taylor, Broker, the sum of $35, paid to it in the course of ten months installment interest on that loan to the sum of $57, and executed the note sued upon for the sum of $38.50, the note representing a claim for the balance due on the original indebtedness. Manifestly, such reported facts makes the transaction usury and the appellant, whether he be the owner of J. H. Taylor, Broker, or a mere employee of the real owner thereof, should not be permitted to molest, harass, or annoy the appellee and

his associates in furtherance of the collection of such unlawful debt. The trial court restrained the appellant from harassing and annoying the appellee, his wife and employers, in further demanding payment of the note. In this, we think the trial court was correct. It makes no difference whether appellant was the lender or a mere employee of the lender; he has no legal or equitable right to molest, harass, or annoy the aggrieved parties, in demanding payment of such an unlawful claim. So, the injunctive order of the court, restraining the appellant, should be affirmed; therefore, our original opinion is corrected in the particulars above stated, the conclusion reached is reformed, affirming the injunctive order of the lower court, and reversing and remanding the cause as to the other features of the judgment.

As reformed, the judgment of the lower court is affirmed in part; reversed and remanded in part. Appellee's motion for rehearing is overruled.