**COMMERCIAL STANDARD INS. CO. v. PHILPOT et al.**

No. 2753.

Court of Civil Appeals of Texas. Beaumont.

May 15, 1935.

Rehearing Denied May 22, 1935.

C. A. Lord, of Beaumont, for appellant.

A. M. Huffman, of Beaumont, for appellees.

O'QUINN, Justice.

Appellees were plaintiffs below. They brought this suit in the district court of Jefferson county against Elmo Willard, a resident citizen of Jefferson county, and the Commercial Standard Insurance Company, a Texas corporation with its office and place of business in the city of Dallas, Dallas county, Tex. The suit was for damages for injuries to Philpot's wife, Mrs. Pearl Philpot, and their minor daughter, Emme Gene Philpot, alleged to have occurred at a street intersection in the city of Beaumont, when a car owned and operated by Elmo Willard in the operation of the "Redbird Taxi Line" in said city of Beaumont collided with an automobile in which Philpot and his wife and daughter were riding.

Appellant filed its plea of privilege to be sued in Dallas county, the county of its domicile. Appellees filed their controverting affidavit. On a hearing, the plea was overruled, and from that order this appeal was taken.

In their controverting affidavit appellees, among other things, in substance answered and alleged that on April 22, 1934, the Commercial Standard Insurance Company was engaged in the business of writing and issuing insurance policies and bonds covering personal and property damages of various kinds and especially executing surety bonds for owners, operators, and drivers of automobiles used in taxi line service in the city of Beaumont, and the owners of such taxi lines against personal injury and property damages while engaged in such business; that the defendant Elmo Willard was at said time the owner and operator of the Redbird Taxi Line in the city of Beaumont, and was then and there the owner and operator of a certain Plymouth sedan automobile operated in connection with such taxi service; that appellant, the Commercial Standard Insurance Company, as surety for said Elmo Willard, the owner and operator of said taxi line service, and of said car, executed two certain bonds for liability on motor vehicles used by said Willard; that said bonds were executed by said Willard and the Commercial Standard Insurance Company, as his surety, in compliance with the "Hack and Carriage Ordi-

nance of the City of Beaumont" (which included within its definition a taxi) and which made it a violation of said ordinance to operate motor vehicles for taxi purposes upon any of the streets in the city of Beaumont without the owner and operator of same having procured and deposited with the city clerk of the city of Beaumont for each such carriage or motor vehicle for which a permit was sought, a good and sufficient bond or public liability and property damage insurance policy as may be approved by the city manager as to form and efficiency in the amount therein required and conditioned that the holder of such permit to operate such carriage or motor vehicle shall, and will, well and truly, pay all loss and damage to goods, wares, and merchandise arising while in his possession; which said bond shall be made payable to the city of Beaumont for the use and benefit of said city and for the use and benefit of any party or parties injured by a breach thereof; and also providing for a similar bond by which the holder of such permit shall, and will, well and truly, pay all legal damages for injuries sustained by any person, including injuries resulting in death, caused by or on account of the negligence or the wrongful act of the owner or operator of such vehicle; said city ordinance further providing that said bond or policies of insurance shall further provide that suit may be brought thereon directly by the claimant of damages in connection with the owner in any and all causes of action covered by its provisions; and further that persons having a cause of action secured by said bond were authorized to sue on such bond or insurance policy without impleading the city; and that said ordinance provided and required that the applicant for a permit must before a permit to operate such taxi be issued to him, file with the city clerk a written agreement that any suit brought against him arising out of the operation of such hack or taxi might be instituted and maintained in Jefferson county, Tex., regardless of the place of residence of such applicant.

As grounds for recovery, appellees alleged that the injuries and damage suffered by his wife, Mrs. Pearl Philpot, and their minor daughter, Emme Gene Philpot, were caused by the negligent acts of the agent and driver of the taxi car in question, in: (a) driving said taxi car along Franklin street in the city of Beaumont at the rapid and unlawful speed of 50 miles per hour in violation of the laws of the state of Texas, and of the ordinances of the city of Beaumont governing the speed at which automobiles were permitted to be driven within the limits of said city; and (b) that the driver of said taxi car failed to keep said car under his control and to drive same in a careful manner in order to avoid collision with appellee's car with which it did collide; and (c) that the driver of said taxi car failed to turn his car to the left in order to avoid a collision with appellee's car, which it was his duty to do; and that each of said acts of negligence was a proximate cause of the injuries and consequent damages suffered.

Appellees further alleged that by reason of the execution of the bonds by appellant as surety of and for the said Elmo Willard, the owner and operator of the "Redbird Taxi Line" operating within the city of Beaumont, it became bound and liable to pay appellees the damages sustained by them by reason of the collision alleged, and that the provisions of said bond authorized them to sue appellant directly for the recovery of such damages, and further that Elmo Willard, the owner and operator of said Redbird Taxi Line, was a proper and necessary party defendant because liable for the damages suffered by appellees. They also by special reference thereto made their petition wherein they had fully and sufficiently pleaded their cause of action against both defendants a part of their controverting affidavit and asked that it be considered as such.

Appellant presents two assignments of error, both, in effect, urging the same ground of error. Its contention is that under the allegations of appellees' petition and the terms of the surety bonds executed by it, no judgment "could be rendered against it as surety until and unless legal damages were first judicially established against the principal, Elmo Willard, arising from the acts of negligence alleged against him and his agent; nor until and unless the principal, Elmo Willard, failed to pay such legal damages when so established"; in other words, that appellant's obligation as surety "was only with reference to the payment of legal damages to be first established and determined by the judgment of a court" against the principal, for the reason that "the provisions in the bond sued on were in effect provisions for 'no action' against the surety except after legal damages had been established and determined as against the principal in the bonds."

As sustaining its contention, appellant cites us to the case of Kuntz v. Spence (Tex. Com. App.) 67 S.W.(2d) 254, 255. We do not think the cited case, under the facts, and the provisions of the insurance policy there involved, as compared with the terms of the surety bond in the instant case, has application, or any controlling effect. In the Kuntz Case the policy contained the following: "Determination of Company's Liability for Accident. (3) No recovery against the company shall be had under agreements A or B until the amount of loss or expense shall have been determined, either by final judgment against the Assured after actual trial in an action defended by the Company or by a written agreement of the Assured, the claimant, and the Company, nor in either event unless suit is instituted within the time herein limited." It will be observed that the quoted provision in the cited case brought it strictly within the "no action" class of cases, the contract plainly providing that no recovery could be had against the insured company until the amount of loss had been determined by actual trial in court, or by written agreement of the parties including the company. The surety bond in the instant case contains no such provision. It provides:

"The condition of the above bond is that, whereas the said Redbird Taxi Line, Elmo Willard, owner, has applied for and obtained a license or permit to operate, rent, hire, and run a motor driven No. 670–035 (State License Number), 1933 Plymouth Sedan, Motor No. PC–106–195, during the year 1933, within the limits of the city of Beaumont for the purpose of hauling or transporting passengers upon or over the streets of said city of Beaumont. Now therefore, if the said Redbird Taxi Line, Elmo Willard, owner, shall pay any and all legal damages for injuries sustained by any person or persons including injuries resulting in death caused by or on account of the negligence or wrongful act of said principal or the operator of such automobile or any agent, representative or servant of such principal, or the driver of such automobile in the operation thereof, occurring, accruing or that is occasioned during the period of such license certificate within the corporate limits of the city of Beaumont, and shall comply with all Ordinances of said City and the general laws of the State of Texas now in effect or hereafter to become effective insofar as same may be applicable to him or them, then this obligation

shall be null and void otherwise it shall remain in full force and effect.

"This bond while made payable to the city of Beaumont shall be considered to be for the use and benefit of any person or persons entitled thereto by reason of any injuries sustained through the operation of said vehicle as hereinabove set forth and may be sued upon by such person or their legal representative directly without joining the city of Beaumont."

We think the contract here, above quoted, clearly provides for primary liability on the part of the insurer or surety, and authorizes the injured party to bring suit directly against appellant for any damages suffered. Both parties to the surety bond entered into the contract of suretyship here in question, with full notice of the requirements of the city ordinance relative to the purpose and conditions of said bond, one of which was that, while said bond was made payable to the city of Beaumont, it was for the use and benefit of any person or persons entitled thereto by reason of any injury sustained by the operation of the vehicle being operated, and that any such injured person or his legal representative could sue for such damages directly without joining the city of Beaumont as a party to the suit. The terms of the ordinance must be read into the surety contract. The ordinance of the city, and the bond executed in pursuance thereto, having in certain terms authorized a direct action against the surety by the injured party, appellant's contention must be overruled. Commercial Standard Ins. Co. v. Shudde (Tex. Civ. App.) 76 S.W.(2d) 561 (a writ of error was granted in the cited case, but not upon the ground here discussed, but against the charge of the court relative to the degree of care the carrier should exercise for the safety of its passengers). Furthermore, the ordinance of the city required Elmo Willard, owner and operator of the taxi line, to file written consent to be sued, should the occasion arise, in Jefferson county, which he did, and besides he was an actual resident of said county at the time of the collision of his taxi car with the automobile of appellees, and the suit of appellees being for damages for tort growing out of the operation of the taxi car he was a proper party to the suit and both he and appellant could be joined as defendants in appellees' suit for damages occasioned by the tort.

On hearing of the plea of privilege, the pleadings, including the petition of appel-

lees, their controverting affidavit with their petition made part thereof, the ordinance and bond in question as evidence, and the testimony of appellees as to the facts and circumstances of the collision, were all before the court, and under the provisions of the ordinance and the bond, and the facts, which are without dispute, the court properly overruled the plea of privilege. The judgment should be affirmed and it is so ordered.

Affirmed.