### SCROGGS et al. v. MORGAN.

### No. 3131.

Court of Civil Appeals of Texas. Beaumont.
July 15, 1937.

Rehearing Denied July 20, 1937.

C. A. Lord, of Beaumont, for appellants.

McNeill & McNeill, of Beaumont, for appellee.

COMBS, Justice.

This suit was filed by Lowell O. Morgan, as plaintiff, against J. W. Scroggs, who was alleged to be the owner of the Yellow Cab Company, and Commercial Standard Insurance Company, as defendants. The suit is for damages for personal injuries and damage to plaintiff's automobile resulting from a collision between the plaintiff's automobile and a Yellow Cab driven by one W. R. Willenberg, in the city of Beaumont.

Plaintiff's theory of the case, as made by his pleadings and his evidence, was that shortly after dark on the occasion in question he was driving south on Neches street, driving on his side of the street and in a careful manner; that, as he approached the intersection of Langham street, the Yellow Cab, a Chevrolet car, driven by Willenberg, was traveling west on Langham when the driver turned onto Neches street in a northward direction. That the Yellow Cab was traveling at such a high rate of speed that the driver was unable to turn in on the proper side of Neches street but swung said cab in a wide curve, heading it toward the plaintiff's car. That plaintiff, seeing that the driver of the cab would not be able to pass on the plaintiff's left-hand side, swung his car to the left in an attempt to let the cab pass on his right. That the driver of the cab continued to swing the cab around to the right, causing a collision.

Both cars were considerably damaged; both Willenberg and the plaintiff were picked up by an ambulance and carried to the hospital. The plaintiff received painful injuries to his face, nose, and left leg and knee. According to the medical testimony, plaintiff's knee is restricted in movement to the extent that 25 per cent. of its function is permanently lost. It continues to cause the plaintiff a great deal of pain. The injury to the nose was such that sinus infection has resulted and there is also an obstruction of the air passages. A specialist testified that the obstruction to the nose can probably be corrected by an operation, which would cost $350, and that the sinus infection would probably be relieved by such an operation.

The defendant's theory of the case was that Willenberg, driving the Yellow Cab, was not traveling along Langham street at all, but was traveling north on Neches street, when the plaintiff attempted to pass around an automobile which was ahead of him, thus causing the collision. Plaintiff was alone in his car and Willenberg was alone in the cab, and they were the only eyewitnesses to the collision. The plaintiff's contention that the cab driver came off Langham street and that he was traveling rapidly was corroborated by the testimony of witnesses who examined the street at the intersection immediately after the accident, who testified that skid marks of automobile tires were plainly visible on the intersection as if a car had swung off of Langham onto Neches street at considerable speed. Both theories were submitted to the jury on appropriate issues, and the jury convicted the defendants of the several acts of negligence alleged and found with the plaintiff on the issues of contributory negligence. The jury also found that the collision was not the result of an unavoidable accident. They assessed plaintiff's damage for personal injuries at $1,500, with additional sums of $200 for loss of time, and $100 damage to the automobile. Upon the verdict of the jury the trial court entered a judgment in favor of the plaintiff and against the defendants for $1,800.

The contention of the appellant insurance company that it was surety on the bonds for the Yellow Cab Company and not for J. W. Scroggs.

The appellant insurance company contends that it was surety for the Yellow Cab Company and not J. W. Scroggs; that since its principal, Yellow Cab Company, was not sued, this suit could not be maintained against it.

The insurance company is party to this suit because it was surety on two bonds aggregating $3,500 given by "Yellow Cab Company, J. W. Scroggs owner," as principal, to the city of Beaumont for the benefit of the public and covering the Chevrolet cab involved in the collision. The ordinances of the city of Beaumont, which were fully pleaded, and proved, require that before any permit is issued for the operation of any carriage or taxi upon the streets of the city, the "owner or operator thereof or the person in whose name the permit is issued, shall have procured and deposited with the City Clerk of the city of Beaumont for each such carriage for which a permit is sought, a good and sufficient bond or public liability, and property damage insurance policy as may be approved by the City Manager in the amount hereinafter required and conditioned that the holder of such permit, or the owner or operator of such carriage shall pay all legal damages occasioned by the loss of goods, wares or merchandise arising while in his, or its or their possession." The ordinance also required a bond "conditioned that the holder of such permit shall and will well and truly pay all legal damages for injuries sustained by any persons, including injuries resulting in death caused by or on account of the negligence or wilful act of the owner or operator of such vehicle or any agent, representative or servant of such owner or the driver of such vehicle in the operation thereof occurring, accruing or that is occasioned during the period said permit is in force  *  *  *." And it is further provided that "said bonds or policies of insurance shall further provide that suit may be brought thereon directly in connection with the owner in any and all causes of action covered by its provisions." And further "said bond or insurance policy shall be made payable to the city of Beaumont for the use and benefit of said city for any party or parties injured by a breach thereof and it shall not be void upon one recovery but may be sued upon from time to time" and "persons having any cause of action secured thereby shall be authorized to sue on any such bond or insurance policy without impleading the city." It was in compliance with said ordinance that "Yellow Cab Com-

pany, J. W. Scroggs owner," applied for and obtained a permit to operate the cab involved in this case, and it was in compliance with the requirements of said ordinance that the bonds herein sued on were executed and delivered to the city and approved by the proper authority. The bonds in question began: "That we, Yellow Cab Company, J. W. Scroggs owner as principal and the other undersigned as sureties," etc. The bonds were signed, "Yellow Cab Company by J. W. Scroggs owner," and "Commercial Standard Insurance Company by W. G. Cudlip, attorney in fact."

## Opinion.

■ The contention of the appellant insurance company that it was surety on the bonds for the Yellow Cab Company and not for J. W. Scroggs, and for said reason could not be sued in this case, is overruled. Counsel sought during the trial to prove that the Yellow Cab Company is a corporation and on objection by plaintiff's counsel the trial court refused to permit such proof. Scroggs did testify that the Yellow Cab Company had been incorporated, but his testimony was later struck out by the trial court, and no assignment is made against the ruling.

■■ As we view it, it was immaterial whether there was such an incorporated concern as the Yellow Cab Company. In this case the permit to operate the taxi was applied for in the name of Yellow Cab Company by J. W. Scroggs, owner. Neither the bonds nor the application anywhere indicate that the Yellow Cab Company was a corporation but the inference is that Yellow Cab Company was but a trade-name under which J. W. Scroggs operated the taxi. See Stinson v. King (Tex.Civ.App.) 83 S.W.(2d) 398. The bonds covered the very taxicab involved in the collision. Scroggs testified that he was the owner of the Yellow Cab Company; that he owned the Chevrolet cab involved in the collision; that Willenberg was his driver; and that he was on a mission for him in the line of his duty at the time of the collision. Thus the facts bring the case squarely within the undertaking of the bond. The public has an interest in official and other statutory bonds and such bonds should be liberally construed to effect the purpose for which they were given. Boyd v. Genitempo (Tex.Civ.App.) 260 S. W. 934. Here the bond was given in order to secure a permit for the operation of the taxicab involved in the collision. The evident purpose of the ordinance in requiring the giving of such a bond was to protect

914

the public against claims for injuries occasioned by the negligent operation of such taxicab, as in the instant case. If there was any error in plaintiff's petition, wherein he sought to name the true owner and holder of the permit in question, it was occasioned by the form of application for the permit and the form of the bond. The plaintiff brought his suit in accordance with the information contained in said application permit and bond. Such being the case, certainly the appellant is in no position to complain.

■ There is no merit in the insurance company's further contention that it was error for it to be named a party defendant in this suit, along with the principal on the bond. Its contention in that connection is that since it is an insurance company a jury would be more likely to assess damages. The contention overlooks the fact that the obligation sued upon in this suit was a bond which, by the very terms of the ordinance under which it was given, it was provided that suit might be instituted against the surety together with the principal. It does not involve the question of the joinder of an indemnity insurer with a defendant, as in Kuntz v. Spence (Tex.Com.App.) 67 S.W. (2d) 254, cited by the appellant. In Commercial Standard Ins. Co. v. Philpot (Tex. Civ.App.) 82 S.W.(2d) 681, this court had before it the very question involved here, and we there held that the surety might be joined with the principal in a suit against the taxi owner.

■ The appellant urges several assignments against the court's definition of certain terms in connection with the submission of the issue of unavoidable accident. It is not necessary to pass upon the points urged for the reason that no issue of unavoidable accident was raised by the evidence. The plaintiff's evidence tended to show that the accident was caused by the negligence of the driver of defendant's taxi. The defendant's evidence tended to show that it was caused by plaintiff's negligence in driving his car. The evidence as a whole was wholly inconsistent with the theory that the accident happened without the negligence of either party. Under all the evidence the collision was proximately caused by the negligence of one or the other of the drivers of the cars involved or by the negligence of both, and under that state of facts the issue of unavoidable accident was not raised. Dallas Ry. & Terminal Co. v. Darden (Tex.Com.App.) 38 S.W.(2d) 777; Boyles v. McClure (Tex.Com.App.) 243 S.

W. 1080. Since the issue was not raised it is not necessary to determine whether there were errors in the manner in which the issue was submitted. Dallas Ry. & Terminal Co. v. Darden, supra; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S. W.(2d) 944, 97 A.L.R. 1513.

■ Several other assignments are presented, but it is our conclusion that none of them presents reversible error. The judgment in this case is fair and reasonable in amount; in fact, plaintiff's injuries would have sustained a considerably larger recovery.

Finding no error, the judgment of the trial court is affirmed.

### On Rehearing.

In the original opinion we did not discuss the assignments complaining of alleged misconduct of the court in giving additional instruction to the jury after it retired and the assignment that plaintiff was guilty of contributory negligence, as a matter of law, in failing to look to his left as he approached the intersection of Langham and Neches streets. Both contentions seemed to us so clearly without merit that we deemed discussion of them unnecessary. But in deference to appellant's insistence that we discuss them on rehearing, we will do so briefly.

The facts with reference to the alleged misconduct of the court, as revealed by a bill of exceptions, were: After the jury retired to deliberate on a verdict the foreman addressed a question to the court in writing with regard to special issue No. 1, which issue inquired as to the speed of the taxi. The question was as follows:

"Hon. Geo. C. O'Brien, 58th District Court, City. In answering Sp. Is. No. 1, will it be permissible to use the term 'approximate' in designating miles per hour?
"[Signed] A. L. Davis,
"Foreman of the jury."

To which the court replied in writing on the same slip of paper:

"Yes. Save this paper and return with the charge when through.
"[Signed] Geo. C. O'Brien, J."

When notified that the jury desired to communicate with him, Judge O'Brien was engaged in the trial of another case in his courtroom. The jurors were deliberating in a small room the door to which opened into the courtroom. Judge O'Brien went to the door of the room and received the communication from the foreman in the presence of

the other jurors. He returned the paper to the foreman with his answer written thereon, as above indicated. It is shown that immediately after the close of arguments counsel for appellant absented himself from the courtroom without communicating with the trial judge and, because of the distance from the courthouse to counsel's office, it would have unduly delayed proceedings to have arranged for the presence of appellant's counsel during the communication of the court with the jury.

The statutes relating to communications between the court and jury and the giving of additional instructions by the court are as follows:

Article 2197: "The jury may communicate with the court by making their wish known to the officer in charge, who shall inform the court, and they may then in open court, and through their foreman, communicate with the court, either verbally or in writing."

Article 2198: "After having retired, the jury may ask further instructions of the court touching any matter of law. For this purpose they shall appear before the judge in open court in a body and through their foreman state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except in conformity with the preceding rules and only upon the particular question on which it is asked."

It was the statutory right of the jury to request any additional instruction, and it was the duty of the court to give it. The instruction as given was clearly correct, and the giving of it could not have prejudiced the appellant's rights. The mere fact that the jury did not file into the main courtroom and appear there before the judge was immaterial under the facts shown. We think the communication was in substantial compliance with the statute. The spirit, not the letter, of the law should be the quest of the courts. 59 C.J. 964; Forshey v. Galveston Railroad Co., 16 Tex. 516, 517; Compton v. Jennings Lumber Co. (Tex.Civ.App.) 295 S.W. 308; Wichita Falls Compress Co. v. W. L. Moody & Co. (Tex.Civ.App.) 154 S. W. 1032.

The contention that the plaintiff was guilty of contributory negligence as a matter of law in failing to look to his left for an approaching car as he approached the intersection is without merit. The corner was obstructed by a building, and if the taxi came off Langham in the manner and at the speed testified by the plaintiff, he probably could not have avoided the collision, no matter how closely he might have observed to his left as he approached the intersection. Moreover, under the facts shown the jury were warranted in concluding that failure to look to his left was not negligence under the circumstances. Without discussing the evidence, we will simply say that we have no doubt whatever that the issues relating to the contribuory negligence of the plaintiff were issues of fact, and that the findings of the jury deciding them against the appellant have ample support.

The motion for rehearing is overruled.