"In Pain v. Pain, 80 N.C. 322, also cited in Judge Brown's opinion, it is said:

" 'The allowance is not a debt within the meaning of the constitution, as contended before us, for which imprisonment is not permitted. It is an order of a competent court, only to be enforced as are other judicial commands when necessary by process of attachment against the person. The power to award the process is inherent in the court, essential to the exercise of its jurisdiction and the maintenance of its authority. Without the ability to compel obedience to its mandates—whether the order be to surrender writings in possession of a party, to execute deeds of conveyance, to pay money, as in the present case, or to perform any other act the court is competent to require to be done—many of its most important and useful functions would be paralyzed. The willful disobedience of a lawful order is itself criminal, much more so than the nonpayment of costs adjudged against a prosecutor in a criminal action, and for which he may be imprisoned.'

"While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing statutes to deny such relief, when not sought in a divorce suit, pending final judgment."

From what we have said, it is evident that we hold the act under discussion does not contravene in any particular the provisions of section 18 of article 1 of our State Constitution. The relator is therefore remanded to the custody of the sheriff of Fayette county, Tex.

SOUTHERN ICE & UTILITIES CO. v. RICHARDSON et al.

No. 1626—6590.

Commission of Appeals of Texas, Section B.

July 1, 1936.

W. B. Handley and C. J. Shaeffer, both of Dallas, for plaintiff in error.

R. N. Grisham and J. A. Lantz, both of Eastland, for defendants in error.

TAYLOR, Commissioner.

Defendant in error Myrtle Richardson, joined by her husband, E. Richardson, recovered judgment against Southern Ice & Utilities Company for injuries alleged to have been sustained by Mrs. Richardson in an automobile accident. The Court of Civil Appeals affirmed the judgment. 60 S.W. (2d) 308. The company brings error.

The facts alleged are, briefly, that the company's car was parked with the left wheels near the marked center line of the highway while it was raining; the driver of the car in front of plaintiffs was not able to see through the rain and determine that the company's car was stationary in the road until so near to it as to cause him to halt suddenly; that the Richardsons having no warning, and being unable to see the parked car, and being prevented from swerving to the left on account of the rapid approach of a car traveling in the opposite direction on that side of the highway, and being menaced with danger in swerving to the right off of the paved portion of the highway onto the shoulder, crashed into the car between them and the parked car; that the negligent parking of the company's car in the manner stated was the proximate cause of Mrs. Richardson's injuries. The facts raise the issues suggested by the pleadings.

█ The trial court's definition of "proximate cause" reads: "By the term 'proximate cause' is meant the efficient and producing cause but for which the injury would not have happened and which could have been reasonably foreseen as causing the injuries complained of or some similar injury."

The company objected to the definition on the ground that it did not include either the element of intervening cause or that of continuity in a natural and continuous sequence of the particular event.

Sufficient of the record is stated to disclose that the case is controlled, in so far as the correctness of the definition complained of is concerned, by the recent case of Southland-Greyhound Lines, Inc., v. Cotten (Tex.Com.App.) 91 S.W.(2d) 326. It is there held that where the issue is raised as to whether some new independent cause intervened between defendant's alleged negligent acts and the injury, it is reversible error for the court not to give a definition of proximate cause embodying the term, new independent cause, or a similar term, together with a definition of same.

The trial court erred in not including in the definition the essential elements pointed out in the objections above referred to, and the Court of Civil Appeals erred in sustaining the action of the trial court as correct.

█ Another assignment presenting reversible error complains of the closing argument of counsel for plaintiffs to the jury, who, after alluding in his argument to the alleged abortion caused by the injury and the "striking down of human life even in its inception," asked the jury, "How would you feel about it if it was your wife?"

While the Court of Civil Appeals condemns the argument as improper, it was constrained by the holding as interpreted by it upon a somewhat similar state of facts in the case of Rio Grande, E. P. & S. F. Ry. Co. v. Dupree (Tex.Com.App.) 55 S. W.(2d) 522, to overrule the assignment.

The argument there involved carried no direct appeal to the jurors to put themselves in the place of the litigant in considering the injury. It was more in the nature of

958

a general appeal to the jurors to apply the golden rule. It is not necessary to further discuss the distinguishing features of the case, as the argument will doubtless not recur upon another trial.

Complaint is made by the company in another assignment of error of both the definition of the term "unavoidable accident" and the form of the submission of the special issue to the jury. It is not necessary in view of another trial to discuss the holding of the Court of Civil Appeals in this connection. We merely suggest that it will be more helpful to the jury upon another trial for the court to define the term substantially as "an event which occurs without the negligence of the plaintiffs or the defendant"; and that the form of the issue be, in effect, "Do you find from a preponderance of the evidence that the collision in question was not due to an unavoidable accident?"

It is suggested, as a further aid to the jury in avoiding confusion in answering an issue requiring consideration of a negative inquiry, that it be instructed to answer the question either, that, "It was due to an unavoidable accident," or, "It was not due to an unavoidable accident," as it may find the facts to be.

▮ Upon another trial defendant's exception alleging improper joinder of the wife as a party plaintiff in the suit should be sustained. While the Supreme Court has held such joinder is not reversible error, it has held it to be improper, since the wife is neither a necessary nor a proper party to a suit upon a cause of action belonging to the husband and wife as community property. No good purpose could be served by following in the trial court a procedure condemned as improper by the Supreme Court. It may be added, however, that while Mrs. Richardson is not a party to the record, she is nevertheless a party in interest, and is not necessarily within the rule requiring, if invoked, that witnesses be excluded from the court room during the trial. The court's discretion is not abused in cases such as this in permitting both the husband and wife to remain during the trial. Armstrong Packing Co. v. Clem (Tex.Civ.App.) 151 S.W. 576 (writ ref.); 64 C.J. 121, § 132.

The holdings of the Court of Civil Appeals upon all of the other questions presented by the record are approved.

The judgments of the trial court and Court of Civil Appeals are reversed, and the cause is remanded.

Opinion adopted by the Supreme Court.