## AKERS v. MORRIS.

### No. 3528.

Court of Civil Appeals of Texas. El Paso.

April 15, 1937.

Rehearing Denied April 29, 1937.

R. H. Mercer, of San Antonio, for appellant.

P. H. Long, of San Antonio, for appellee.

WALTHALL, Justice.

This is a personal injury case. E. W. Morris, as plaintiff, brought this suit against J. J. Akers and Roy Akers, as defendants, to recover damages for personal injuries alleged to have been sustained by him while operating an automobile in which he was riding coming in collision with an automobile driven by J. J. Akers and Roy Akers, at or near the intersection of North Florence street with Rodriguez street in the city of San Antonio, Tex.

Morris alleged that the collision of the automobiles was occasioned by the negligence of J. J. Akers and Roy Akers proximately causing the injuries of which he complains. Roy Akers was dismissed as a defendant during the progress of the trial and in the judgment, and the suit proceeded to final judgment against J. J. Akers.

The negligent acts assigned by plaintiff against J. J. Akers and submitted by the court to the jury were whether Akers, at the time of the collision, was operating his automobile on the wrong side of the street and whether that was negligence and the proximate cause of the collision and injury to plaintiff; issues of negligence and proximate cause were alleged as to excess in the rate of speed, a negligent rate of speed, failure to keep a proper lookout, failure to give warning of the approach of his automobile. All of which negligent acts the jury found against Akers.

The court submitted to the jury the alleged acts of contributory negligence on the part of Morris, all of which acts the jury found in favor of Morris.

The jury assessed Morris' damages at $1,000, and the court rendered judgment in favor of Morris for that amount.

The court overruled Akers' motion for a new trial, and Akers appeals.

Opinion.

The court refused to submit appellant's requested charge inquiring whether appellee, just prior to and at the time of the collision, failed to look to the rear and down North Florence street to ascertain whether any traffic was approaching therefrom.

The court submitted instead whether appellee, "just prior to and at the time of the collision, failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances."

We think no reversible error is shown in submitting the issue.

The court refused to submit appellant's requested charge: "Do you find from the preponderance of the evidence that just prior to and at the time of the collision plaintiff made a left turn without giving any signal to defendants?"

The court submitted the question whether plaintiff, "before turning his automobile toward Rodriguez street, failed to give any warning of his intention to so turn."

We doubt whether the evidence justifies a submission of the issue in the language of appellant's special charge.

The court refused to submit appellant's requested charge asking a finding from the evidence whether appellee failed to keep a proper lookout for his own safety.

The court submitted to the jury to find whether appellee "failed to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances."

The court was not in error in refusing to give the requested charge.

Appellant submits error to the court's refusal to give other requested charges. We have considered each of them, and have concluded no reversible error is shown.

Finding no reversible error, the case is affirmed.

Affirmed.