## COLEMAN et al. v. WEST.

No. 3287.

Court of Civil Appeals of Texas. Beaumont.

April 21, 1938.

Newton Gresham and Wood & Morrow, all of Houston, and Grogan & Green, of Conroe, for appellants.

Percy Foreman, of Houston, and Pitts & Liles, of Conroe, for appellee.

WALKER, Chief Justice.

About midnight of June 12, 1933, on a paved highway in Montgomery county, appellee, Miss Fay West, drove her Chevrolet roadster into the back end of a truck owned and operated by appellants, Joe and Ben Coleman. This suit was filed by appellee against appellants for damages for the personal injuries suffered by her in the collision. The jury found that appellants were guilty of negligence in driving the truck on the highway at night without lights, and acquitted them of all other acts of negligence pleaded against them. Appellee was acquitted of contributory negligence, and the jury found against appellants on the issue of "unavoidable accident." Appellee's damages were assessed at the sum of $4,425, and on the verdict of the jury judgment was entered in her favor against appellants for that sum. Appellants have duly prosecuted their appeal to this court.

■ The court submitted the following definition of "new and independent cause": "Such a cause as interrupts the natural sequence of events, turns aside their course and prevents the natural and probable result of the original act or omission and produces a different result that could have been reasonably foreseen or anticipated in the light of the attending circumstances by a person of ordinary prudence in the exercise of ordinary care." This definition should have read, "a different result that could *not* have been reasonably foreseen or anticipated," etc. The omission of the word "not" was called to the court's attention by a proper exception. The charge was fatally defective, Clements v. Wright, Tex.Civ.App., 47 S.W.2d 652, on the very point.

■ The following issues of contributory negligence were raised by the evidence, and on appellants' request should have been submitted to the jury: (a) Whether or not, at the very moment of the collision, appellee was driving her car at more than 45 miles per hour; (b) whether or not she actually discovered the truck in time in the exercise of ordinary care to avoid striking it; and (c) whether or not in the exercise of ordinary care she should have discovered the truck in time to avoid striking it.

We suggest that, on another trial, the court give the definition of "unavoidable accident" approved by the Supreme Court in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, or some similar definition. On the trial of this case the court submitted the following definition: "In connection with the foregoing issue, you are instructed that the term 'unavoidable accident' is one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable," taken from the opinion of the Commission of Appeals in Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777. Appellants concede that the court's definition is correct as an abstract proposition of law for the guidance of the bench and bar, but they filed many exceptions to it as a "jury definition"— that it was a general charge; that the court refused to define the term "such care or prudence as the law holds every man bound to exercise," etc. We do not pass upon the merits of these exceptions because they can be obviated upon another trial, as can the points presented by the other assignments of error.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.