**SHERWIN–WILLIAMS CO. OF TEXAS v. DELAHOUSSAYE.**

No. 13851.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 13, 1939.

Rehearing Denied Feb. 17, 1939.

T. R. Boone, E. T. Duff, and Kearby Peery, all of Wichita Falls, for appellant.

Kouri, Parish & Locke, of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

About three o'clock in the afternoon, while it was raining, there was a collision between a truck belonging to the Sherwin-Williams Company of Texas, a corporation, driven by Berry Dillon, its employee, and an automobile belonging to F. A. Delahoussaye and driven by his wife. In this suit F. A. Delahoussaye recovered judgment against the Sherwin-Williams Company of Texas for the sum of $400, for damages to the automobile, and defendant has appealed.

The collision occurred in the City of Wichita Falls at the intersection of Filmore Street, running north and south, and Avenue H., running east and west. Mrs. Delahoussaye was driving north on Filmore Street, on its right hand side, and Berry Dillon was driving the truck east on Avenue H. When the automobile had reached a point near the center of the crossing of the two streets, Mrs. Delahoussaye suddenly discovered the approach of the truck and stopped her car. At that instant, the rear portion of the truck collided with the front of the automobile and damaged it, but Mrs. Delahoussaye was not injured.

By traffic ordinances of the City of Wichita Falls, in force at the time of the accident, it was made unlawful to drive any motor vehicle on the streets of the City at higher rate of speed than twenty miles per hour. And every driver of such a vehicle, while approaching the intersection of two streets, is required to yield the right of way to another vehicle approaching the intersection to his right on the other street at the same time, and to decrease the speed of his car to ten miles per hour, and have his car under control before crossing the intersection.

Preliminary to the submission of the special issues, the court gave the usual definitions of "negligence" and "contributory negligence", and also this definition of "proximate cause": "Proximate cause is that cause which in a natural and continuous sequence and unbroken by any new or independent cause, produces an injury and without which the injury would not have occurred, and when in the light of the surrounding circumstances the injury, or a similar one, out go have been foreseen or anticipated by a person of ordinary care and prudence."

To that definition defendant made this objection: "The defendant objects to the definition of proximate cause for the reason that the same is not a proper definition, in that there is no instruction therein of any element of foreseeableness, and in order for an act of negligence to be a proximate cause it must have been reasonably anticipated and foreseen that the injury, or some similar injury, would occur, and the term proximate cause as defined in the court's charge is not clear on the element of foreseeableness and is a misstatement of the law therein, and the defendant here and now requests the court to give a proper definition of proximate cause telling the jury that negligence could not be a proximate cause unless it could have been reasonably anticipated or foreseen by an ordinary prudent person that the damages would occur."

In appellant's brief, that objection is made the basis of an assignment of error, in connection with which it is urged that the definition was erroneous and misleading, in using the words "out" and "go", instead of the words "ought to have been foreseen." That particular criticism was not included in the objection urged, and therefore appellant is in no position to complain of it here, especially so since it is clear that it is merely a typographical error, which could not have misled the jury. 3 Tex.Jur., par. 141, p. 212. Trahan v. Smith, Tex.Civ.App., 239 S.W. 345. Southwestern Telegraph & Telephone Co. v. Davis, Tex.Civ.App., 156 S.W. 1146, and decisions cited.

In answer to special issues, the jury found that at the time and place of the accident, the driver of defendant's truck was driving the same at a speed in excess of twenty miles per hour, and was guilty of negligence in so doing, which was a proximate cause of the collision. And further, he failed to keep a proper lookout for vehicles approaching the crossing on the cross street to his right, and was guilty of negligence in such failure, which was likewise a proximate cause of the collision.

Those findings have sufficient support in the evidence and assignments challenging them as being without such support are overruled.

The jury further found that plaintiff's automobile entered the street intersection

before it was entered by the truck, and was not being operated at a rate of speed in excess of twenty miles per hour; and Mrs. Delahoussaye was not guilty of contributory negligence in driving the same at the speed she was driving.

Issue No. 19 reads as follows: "Do you find from a preponderance of the evidence that the driver of plaintiff's automobile discovered the perilous position of the defendant's truck in sufficient time whereby in the exercise of ordinary care in the use of all means at hand consistent with the safety of herself and the plaintiff's car, could have avoided the collision? Answer as you find the facts to be. Answer: No."

Defendant pleaded generally negligent failure of Mrs. Delahoussaye to keep a proper lookout for traffic and specifically her negligence to keep a proper lookout for vehicles approaching the crossing from the left, as was defendant's truck.

The court submitted the following special issue: "Do you find from a preponderance of the evidence that the driver of plaintiff's car failed to keep a proper lookout for approaching vehicles and pedestrians at the time and place in question? Answer, she did keep a proper lookout or did not keep a proper lookout. Answer: She did keep a proper lookout."

■ One of the objections made by defendant to that issue was that it did not submit the specific defense pleaded. And in addition to that objection, defendant tendered a requested issue as to whether Mrs. Delahoussaye failed to keep a proper lookout for vehicles approaching from her left, which the court refused to submit. In that connection, appellant cites testimony of Mrs. Delahoussaye herself, that before driving into the intersection of the two streets, she looked to her right and in front, but did not look to her left. But she further testified that she glanced to her left but did not see the truck until her daughter hollered to her, and that she was driving about 17 miles an hour. The issue submitted was broader than the issue of contributory negligence specially pleaded, but it also included that defense. Although Mrs. Delahoussaye did not have the lawful right to rely solely on the presumption that the driver of a vehicle on Avenue H, approaching the crossing from her left, would yield her the right of way, as required by the city ordinance, and to take no precaution against a possible violation of that requirement, yet the jury

had the right to determine from all the facts and circumstances in evidence whether she was guilty of contributory negligence in failing to look to the left for such approaching traffic on Avenue H before she entered the street intersection. Lewis v. Martin, 120 S.W.2d 910, by the Amarillo Court of Civil Appeals, opinion by Chief Justice Jackson, writ of error refused. Furthermore, the court having submitted the issue of contributory negligence in general terms, as pleaded by the defendant, submission of the additional specific issue of contributory negligence would have been subject to the criticism of undue emphasis of that defense. Accordingly, we are unable to concur with appellant's contention that the submission of the special issue just quoted presents reversible error. Akers v. Morris, Tex.Civ.App., 104 S.W. 2d 535, and authorities cited, writ of error dismissed by Supreme Court.

Authorities relied on by appellant, such as Texas & N. J. Railway Co. v. Crow, 121 Tex. 346, 48 S.W.2d 1106; Security Mutual Casualty Co. v. Bolton, Tex.Civ.App., 84 S.W.2d 552; Fidelity & Casualty Co. v. Van Arsdale, Tex.Civ.App., 108 S.W.2d 550; Traders & Gen. Ins. Co. v. Kincaid, Tex.Civ.App., 116 S.W.2d 868, are not applicable here. In those cases it was held error to submit issues of negligence as a basis for recovery by plaintiff that were not alleged in his pleadings. It is also true, as argued by appellant, that the same rule of procedure is applicable to defendant's plea of contributory negligence. But, as shown above, the special issue submitted was in the same terms as defendant's general allegation of Mrs. Delahoussaye's negligence in failing to keep a proper lookout for approaching traffic, and therefore included also the special plea of her negligence in failing to keep a proper lookout to her left.

■ The cost of repairs of plaintiff's automobile was $137.50. F. H. Rinehart, who did the repair work, testified: "When I made the contract to fix this car up I agreed to put it in good mechanical order and good appearance. It was a turn-key job. We always guarantee to do that. After I made the repairs and finished the job it was as good as could be repaired. I think we put one new fender and the other was rolled out. We put the car in the lining machine and it checked up all right."

But he further testified that he did not think any car is as good after it has been

in a wreck as it was before, because the wreck depreciates it in value; that he had taken care of plaintiff's car and done service work on it for some time before the accident; and in his opinion its reasonable cash market value immediately prior to the accident was $750, and after the collision and with repairs then done on it, its value would be around $400.

Plaintiff testified that he had lived in Wichita Falls for about a year; the car in question was an eight-cylinder sedan, 1936 model; he had bought it new; he had owned seven or eight cars, and had experience in buying and selling them.

"Q. You know the reasonable cash market value of an Oldsmobile in this locality? A. Yes, sir.

"Q. What was the reasonable cash market value of your 1936 Oldsmobile before November 9th, one week before November 9th? A. Between $800.00 and $900.00.

"Q. Did you have occasion to see that car immediately after November 9th? A. Yes, sir. * * *

"Q. What would be the reasonable cash market value of this Oldsmobile immediately after the accident? A. About $350.-00."

In view of that testimony of plaintiff, it can not be said that there was an absence of any competent proof of market values, in the City of Wichita Falls, as urged by appellant in its motion for new trial. And that testimony differentiates this case from the decisions in Ara v. Rutland, 215 S.W. 445, by the Commission of Appeals, with express approval of the Supreme Court; and Anderson v. Reichart, 116 S.W.2d 772, by this court, opinion by Justice Brown.

Special Issue No. 10, submitted by the court, reads: "Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident? Answer, the collision was unavoidable or the collision was not unavoidable. Answer: The collision was not unavoidable."

And this definition was given preliminary to the special issues: "An unavoidable accident is one which is not occasioned in any degree, directly or remotely, by want of ordinary care on the part of either person; in other words, an accident which happens without fault on the part of either party, is classed in law as unavoidable."

Defendant objected to that issue on the ground that it erroneously imposed upon it the burden to show by a preponderance of the evidence that the accident was an unavoidable accident. Defendant made a further objection to that definition of unavoidable accident. But the definition was approved in opinion of Justice Leddy, in Dallas Ry. & Terminal Co. v. Darden, Tex. Com.App., 38 S.W.2d 777; and the definition given and the form in which the special issue was submitted was in exact accord with the opinion of Justice Taylor, for the Commission of Appeals, adopted by the Supreme Court, in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, 957. Moreover, in the absence of any evidence tending to show that the accident was the result of some cause other than the negligence of one or both of the drivers of the two vehicles, we do not believe the issue of unavoidable accident was involved. Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777 and Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513. See, also, Sproles Motor Freight Line v. Juge, 123 S.W.2d 919, by this court, and Gulf C. & S. F. Ry. Co. v. Giun, Tex.Com.App., 116 S.W.2d 693, 116 A.L.R. 795.

The assignments of error now under consideration are overruled.

In his closing argument to the jury, Mr. Kouri, counsel for plaintiff, said:

"I know you men took an oath to try this case, that you'd consider it like you would anyone else, outside of the fact they are a corporation; just because they are a corporation they are entitled to the same rights we are, they're taking this attitude, we're going down the street, get out of the way, here comes the Sherwin-Williams Company, everybody get out of the way, stop your cars—

"Mr. Peery (counsel for defendant): We object to that argument, it's highly prejudicial and inflammatory, there's nothing in the record to justify instructions like that.

"The Court: Overrule the objection.

"Mr. Kouri: Is that their attitude, they have a right to come down Avenue 'H' and anyone coming down Monroe Street have to stop their car because here comes the Sherwin-Williams car?

"Mr. Peery: We object to that as trying to prejudice the jury against that corporation.

"The Court: Overrule the objection.

"Mr. Peery: We except.

"The Court: I will give you a bill.

"Mr. Kouri: I am not trying to prejudice the jury. I know if Mrs. Delahoussaye is entitled to any damages. I know you'll give it to her; if she's not entitled to any damages you'll get out and answer every issue against her."

In Texas & N. O. Ry. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160, 164, in opinion by Justice Smedley, for the Commission of Appeals, adopted by the Supreme Court, this was said:

"In closing his argument to the jury counsel for the plaintiff said: 'It is important to answer every question the Court has submitted to you, and to answer that question according to the law and the evidence. And when you have done that—and poor Christopher Lee McGinnis sitting, trembling, weeping, with all his manhood gone—at least you can say, "we have been fair, we have simply treated him as we would expect to be treated." And I think it is all we can ask you to do, gentlemen; but I do ask you to do that, gentlemen. And I thank you.' Tr. 93.

"The objection urged is that this argument is a plea to each juror in arriving at his verdict to put himself in the plaintiff's place. The appeal directly made by the argument is to answer every question according to the law and evidence and it is followed by the statement that when the jurors have done this they can say that they have been fair and have treated the plaintiff as they would expect to be treated. Not every argument containing the bare suggestion to the jurors to consider the case from the standpoint of one of the parties, or as they would have their own cases considered, is ground for reversal. Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 551, 94 S.W.2d 416; Rio Grande, E. P. & S. F. R. Co. v. Dupree (Tex.Com.App.) 55 S.W.2d 522, 526. We believe the argument, like that in the Dupree Case, as construed in Southern Ice & Utilities Co. v. Richardson [128 Tex. 82], 95 S.W.2d 956, 957, 'carried no direct appeal to the jurors to put themselves in the place of the litigant,' but was rather a general appeal to answer the issues according to the law and the evidence and to treat the plaintiff fairly. Furthermore, no objection was made to the argument at the time it was made."

Other portions of argument of the same counsel were also noted and held not to constitute reversible error for the reasons stated, with the observation, "Reasonable latitude must be allowed counsel in arguing a case submitted on special issues."

See, also, Magnolia Pipe Line Co. v. Leach, Tex.Civ.App., 17 S.W.2d 471; Baker Co. v. Turpin, Tex.Civ.App., 53 S.W.2d 154, writ of error dismissed; Galveston, H. & S. A. Ry. Co. v. Smith, 93 S.W. 184, 185, by Court of Civil Appeals, and affirmed by Supreme Court in 100 Tex. 267, 98 S.W. 240.

Pertinent to this assignment is the following evidence: Berry Dillon, driver of the truck, testified that immediately before entering the street crossing, he was traveling around 17 miles per hour; he saw plaintiff's car coming about 125 feet south of the crossing; the front wheels of the truck were then over the west line of Filmore Street; he was traveling in second gear of his car, and when he saw how fast plaintiff's car was traveling, he could have stopped, but speeded up to get across the intersection in time to avoid the collision; and at the time of the collision, plaintiff's car was traveling 35 or 40 miles per hour.

Estimates by other witnesses as to the speed of the truck just before the accident were as follows: Mrs. Benson, 45 or 50 miles per hour; Mrs. Delahoussaye, about 50 miles per hour; B. J. Melton, between 40 and 50 miles per hour; Miss Euna Delahoussaye, between 45 and 50 miles per hour; Betsie Mae Goff, 35 miles per hour. The evidence further shows that the truck also collided with Mrs. Benson's car on Avenue "H", after it had crossed the street intersection.

■ In view of all that testimony as to the speed of the truck, in connection with the amount of damage awarded, it is not reasonably probable that the jury was improperly influenced in plaintiff's favor by the argument complained of, at all events. Accordingly, the assignment to the argument noted is overruled.

Following is issue No. 7, submitted to the jury: "Do you find from a preponderance of the evidence that the driver of defendant's truck discovered the perilous position of plaintiff's automobile in sufficient time whereby in the exercise of ordinary care in the use of all means at hand consistent with the safety of himself and the defendant's truck, could have avoided the collision? Answer as you find the facts to be. Answer: Yes."

Defendant objected to that issue because it was multifarious, in several particulars,

including, first, the discovery by the truck driver that Mrs. Delahoussaye was driving north on Filmore Street, and was about to enter the street intersection; second, that he made such discovery in time to have avoided the collision by stopping the truck or slowing down its speed in the use of all means at his command consistent with his own safety and that of the truck; third, that he was guilty of negligence in failing so to do.

We believe it clear that the issue was subject to that objection, and therefore sustain the assignment of error predicated thereon. The same question was discussed in the opinion of Justice Speer of this court, in Charbonneau v. Hupaylo, 100 S. W.2d 745, and the same conclusion reached, and the reasons there advanced, with authorities cited in support thereof, are adopted and applied here.

But the error in submitting that issue and the finding thereon will not require a reversal of the judgment, because it has sufficient support in the findings of the jury first pointed out above, to wit, defendant's negligence in operating the truck at a rate of speed in excess of twenty miles an hour; and in failing to keep a proper lookout for vehicles approaching on the cross street to his right, all in violation of the city ordinance, and the further findings that each of said acts of negligence was a proximate cause of the collision; and exonerating Mrs. Delahoussaye of the charge of contributory negligence pleaded by defendant.

It is to be observed that issue No. 19, copied above, presenting the question of discovery by Mrs. Delahoussaye of the perilous position of the truck in time to have avoided the collision was in the same general form as the issue of discovery by the truck driver of plaintiff's peril, but no complaint of that issue by either party is presented here.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Our attention is directed to testimony of Mrs. F. A. Delahoussaye, that at the time of the accident it was raining very hard against the west windows of her car that were rather clouded. She had no window wiper and she was driving very slowly. Also testimony of Berry Dillon, driver of the truck, as follows: "I doubt seriously if I could have stopped within 16 feet going 17 miles an hour, because it was very muddy. If I had stopped my car it would have been in the middle of the road. There was plenty of mud on Avenue H. There is no curbing and when it rains the water comes into the streets and brings a lot of mud and water down into the road."

Under the decisions in Dallas Ry. & Terminal Co. v. Garrison, Tex.Com. App., 45 S.W.2d 185, cited with approval by Commission of Appeals in Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R. 1513, and Winn v. Taylor, Tex.Civ.App., 111 S.W.2d 1149, the testimony noted above was sufficient to raise the issue of unavoidable accident and the statement to the contrary in our original opinion is hereby withdrawn. But we adhere to the conclusion reached in our original opinion, that there was no merit in the assignment to the submission of the issue of unavoidable accident, on the ground that it erroneously placed upon the defendant the burden of proof on that issue. As pointed out heretofore the form in which that issue was submitted was expressly approved in Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956, 957, by the Commission of Appeals, and in the later case by the same court, in Gulf, C. & S. F. Ry. v. Giun, 116 S.W.2d 693, 116 A.L.R. 795.

Those decisions settle the question as to the proper form of submitting the issue of unavoidable accident, and also the question of burden of proof on that issue, and are controlling here.

Appellant cites the decision of the Court of Civil Appeals in the case of McClelland v. Mounger, 107 S.W.2d 901, in which writ of error was dismissed by agreement of the parties, holding that a special issue submitting unavoidable accident in substantially the same form as in this case, erroneously imposed the burden of proof on the defendant. With a request that if we hold to the contrary of that decision, we certify the conflict to the Supreme Court. We must deny the request, because since the decision of the Supreme Court in the Giun case is a later decision, it cannot be supposed that that court would entertain the certificate.

With the corrections noted in our former conclusions, appellant's motion for rehearing is overruled.