**308**

## LINKENHOGER v. GILBERT.

### No. 11951.

Court of Civil Appeals of Texas.
San Antonio.

May 25, 1949.

Rehearing Denied June 22, 1949.

Kemp, Lewright, Dyer & Sorrell, Corpus Christi, L. Hamilton Lowe, Austin, for appellant.

Stafford & Carter, Corpus Christi, W. C. Huffaker, Jr., Tahoka, Truett Smith, Tahoka, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Benjamin Gilbert against Edgar Linkenhoger, seeking to recover damages for injuries sustained by plaintiff when a truck driven by him ran into the rear end of a parked truck owned by defendant. The cause was submitted to a jury upon special issues and judgment rendered in favor of plaintiff upon the answers of the jury, from which judgment Edgar Linkenhoger has prosecuted this appeal.

Appellant's first contention is that appellee, Gilbert, was guilty of contributory negligence as a matter of law. The collision occurred on Highway 87, between Lubbock and Tahoka, about seven miles north of Tahoka in Lynn County. A truck belonging to Linkenhoger was left parked on the highway headed south on the west side of the pavement. There were no lights on the parked truck, nor were there any flares, flags or other warning placed near the truck. The collision occurred about 5 o'clock on the afternoon of November 22, 1947. Gilbert was driving a truck in a southerly direction at the time of the collision. The weather was foggy and misty, but there was no rain. The pavement was damp and slippery. Visibility was bad. One could see only from seventy-five to one hunderd yards. Gilbert testified that he saw the parked truck when he was about ninety yards from it, but, due to the bad visibility, he was unable to tell whether it was traveling or standing still. When he saw the parked truck he took his foot off the accelerator and began to apply his brakes. He was driving about thirty-five miles per hour at the time, and when he first applied the brake his truck "jackknifed" and he was compelled to release the brakes in order to straighten his truck. He again applied his brakes, both to the tractor and the trailer, but finally discovered that he was not going to be able to stop in time to avoid running into the parked truck, and was afraid to pull to the left of the parked

truck because he was unable to determine whether there was traffic approaching from that direction. There was room on the shoulder to the right of the parked truck to have passed, but when he attempted to turn his truck to the right it refused to turn and the collision resulted. Two parties had passed the parked truck just ahead of Gilbert. One had driven his automobile to the left of the truck and the other to the right, thus demonstrating that there was plenty of room to pass this parked truck, either on the right or the left.

We are unable to say that Gilbert was guilty of contributory negligence, as a matter of law, in not passing the parked truck either on the right or the left and thus avoiding the collision. It would have been unlawful for him to have passed the truck on the right, and in view of the fact that he could not see whether the road was clear of traffic on the left, it was also unlawful for him to pass on the left. Apparently there was open to him three ways to attempt to avoid the collision. One was to pull to the right, another to pull to the left, and another to apply his brakes. In the emergency he chose to apply his brakes and try to stop his truck before it ran into the truck of appellant. It is probable that if his truck had not "jack-knifed" when he first applied his brakes, he might have been successful in stopping his truck before it collided with the other truck. The evidence shows that Gilbert used some care for his own safety when he discovered the parked truck, and whether he used reasonable care for his own safety presents a question of fact for the jury. Pennington Produce Co. v. Wonn, Tex.Civ.App., 49 S.W.2d 482; Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715; Pope v. Clary, Tex.Civ.App., 161 S.W.2d 828; Western Development Corp. v. Simmons, Tex.Civ.App., 124 S.W.2d 414; Little Rock Furniture Mfg. Co. v. Dunn, Tex.Civ.App., 218 S.W.2d 527.

■ Appellant next contends that the verdict of the jury on the issue of damages was excessive and the result of bias, prejudice and passion. The jury found by the answer to special issue No. 39 that appellee, Gilbert, was entitled to recover the sum of $30,000.00 as compensation for the injuries sustained by him as a proximate result of the collision. The evidence shows that appellee is a young man, twenty-three years of age, and his life expectancy is 40.85 years. His occupation prior to the collision was that of a truck driver, and he was not trained in any other vocation. As a result of the collision he was in the hospital under treatment from November 23, 1947, until February 27, 1948. He received a dislocation of his left hip, fractures about both of his legs and pelvis and a fracture of his right femur. He was in a serious condition for several days and required several blood transfusions and stimulants. In the weeks that followed he suffered a great deal and sustained a partial paralysis and dropped foot on his right side. He had an operation on his left leg, in which an incision of twelve to fourteen inches was made for the purpose of applying an internal Lane Plate on the broken bones. From shortly after the accident until about one week before he was discharged from the hospital, he was placed in a body cast, during all of which time he suffered a great deal. He is still suffering from skin ulcers on his legs, feet and ankles, and will probably continue to do so in the future. He was totally and permanently disabled from November 23, 1947, to October, 1948, and will probably be totally and permanently disabed for a period of eighteen months thereafter. He has a total and permanent disability of 50% in his right leg and 40% in his left leg. He still suffers pain and has great difficulty in sleeping.

We are unable to say, under all of the facts in this case, that the verdict of the jury was excessive and prompted by bias, prejudice and passion.

The jury by their answer to special issue No. 41 awarded appellee the sum of $350.00 for hospital, medical and ambulance bills, which the appellee may be required to expend in the future. However, appellee has filed a remittitur of this sum of $350.00, so we need not further discuss the issue.

■ Appellant next contends that the court erred in overruling his objection to

the testimony of appellee to the effect that if there had been a flare or flag placed on the highway one hundred feet to the rear of appellant's truck he could have stopped his truck in time to have avoided the collision. Appellee was shown to have been a truck driver of some four or five years' experience, and was entitled under all of the facts to give this opinion testimony. But if in fact the testimony was inadmissible we are of the opinion that the court's failure to exclude it was harmless error under the facts and circumstances.

The judgment of the trial court is affirmed.