ALAMO MOTOR LINES, Inc., Appellant,

v.

Phillip MALDONADO, Appellee.

No. 12709.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 8, 1954.

Rehearing Denied Oct. 6, 1954.

J. Alex Blakeley, Dallas, House, Mercer & House, San Antonio, Carey Williams, Houston, for appellant.

Arthur A. Domangue, A. R. Sohn, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Phillip Maldonado against Alamo Motor Lines, Inc., seeking to recover damages for personal

injuries and damages to his automobile, alleged to have been caused by the negligence of the employees of the defendant when plaintiff's auto collided with a protruding corner of a trailer that had been accidentally dropped from a tractor on Probandt Street in San Antonio, Texas.

The trailer had accidentally become disengaged from defendant's tractor and after dropping came to a stop at an angle facing northeast on Probandt Street, in such a manner that a portion of the left rear corner extended across the center line of the street and into the southbound traffic lane. Plaintiff, while driving south on Probandt Street about three o'clock on the morning of August 17, 1951, and while on his right side of the street, struck the left rear corner of the dropped trailer and suffered both personal injuries and damages to his automobile.

The trial was to a jury and, upon the jury's answers to the issues submitted, judgment was rendered in favor of plaintiff in the sum of $13,250, from which judgment Alamo Motor Lines, Inc., has prosecuted this appeal.

Appellant, speaking generally, presents two points, first, that appellee was guilty of contributory negligence as a matter of law, notwithstanding the findings of the jury to the contrary, and, second, that counsel for appellee engaged in improper argument to the jury which constituted reversible error.

■ It is well settled law in this State that, as a general rule, the question of whether a plaintiff is guilty of contributory negligence is usually a question of fact to be determined by the jury. Swiff v. Michaelis, Tex.Civ.App., 110 S.W.2d 933; Coleman v. West, Tex.Civ.App., 116 S.W. 2d 870; McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W.2d 1055; Lackey v. Moffett, Tex.Civ.App., 172 S.W. 2d 715; Humble Oil & Refining Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038; Linkenhoger v. Gilbert, Tex.Civ.App., 223 S.W.2d 308; Oil City Iron Works v. Stephens, Tex.Civ.App., 182 S.W.2d 370;

Horton v. Benson, Tex.Com.App., 277 S. W. 1050; Texas & N. O. Ry. Co. v. Blake, Tex.Civ.App., 175 S.W.2d 683.

■■ However, where a plaintiff fails to use any care for his own safety and it is apparent that if he had used ordinary care the accident would not have happened, then he is guilty of contributory negligence as a matter of law. But if he uses some care for his own safety and offers some explanation, comporting with reason, why he could not see the object with which he collided in time to avoid the impact, then he is not guilty of contributory negligence as a matter of law. Linkenhoger v. Gilbert, Tex.Civ.App., 223 S.W.2d 308; Gifford v. Fort Worth & D. C. Ry. Co., 151 Tex. 282, 249 S.W.2d 190; Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W. 2d 501.

■ In passing on the question of whether the jury findings should be disregarded and the appellee held to be guilty of contributory negligence as a matter of law, we must view the evidence in a light most favorable to appellee; conflicts of evidence must be disregarded and every reasonable inference under the evidence favorable to appellee must be indulged in.

■ Viewing the evidence in this manner, we come to the conclusion that appellee used care for his own safety, in that he applied his brakes, took his foot off the gas accelerator, and undertook to turn his automobile to the right when he discovered the end of the trailer in his path. Whether such care was that of a reasonably prudent man under all of the circumstances in this case was a matter to be passed upon by the jury, and the jury has done so in appellee's favor.

The jury found that appellee was operating in a sudden emergency. We think the evidence supports this finding. About fifty or seventy-five feet north of where the collision occurred a railroad track crosses Probandt Street and causes a rise of some three or four feet in the street. This would cause appellee's automobile lights, as he traveled south on Probandt.

Street, to be thrown first high and then low. Appellant's tractor from which the trailer had broken loose was parked north of the dropped trailer near the east curb and the light from this tractor, while not blinding appellee, made it difficult for him to see, to some extent. The corner of the trailer which appellee struck was not resting on the pavement but was suspended some four feet above the pavement. The front of appellee's car ran under this corner of the trailer. Appellee's lane of travel was not completely blocked but only partially. The corner of the trailer protruded into his path of travel only about four and one-half or five feet. If his entire path of travel had been blocked he would no doubt have discovered this much more quickly than the corner of this trailer which was suspended above the pavement. Under all of these circumstances, it was for the jury to say whether appellee used ordinary care for his own safety.

■ There is some intimation that appellee might have been intoxicated at the time of the collision, but the jury found that he was not intoxicated, and this finding is supported by the evidence.

There is also an intimation that appellee's headlights on his automobile might not have been sufficient to meet the requirements of the law, but as there was no pleading nor proof as to this matter we will not indulge in the presumption that appellee was violating the law and driving with headlights on his automobile which did not meet the requirements of the law governing such matters. Appellee was not guilty of contributory negligence as a matter of law, and neither was the finding of the jury, to the effect that he was not guilty of such negligence, so against the overwhelming preponderance of the evidence as to be clearly wrong.

■ The record shows that counsel for appellee in his opening argument to the jury said:

"I am not mad at Alamo Motor Lines or want to criticize them or anything else, I just want justice, just justice; they failed like anybody else, they failed to use ordinary care, it was a proximate cause. They should not be absolved. We would not be absolved if it was found that we were guilty of negligence. We want a fair test of the law. Now * * *."

At the time the objectionable argument was made, counsel for appellant, out of the hearing of the jury, made a motion for a mistrial, which was by the court overruled. Then appellee's counsel said the following to the jury: "Gentlemen, if the Alamo Motor Lines failed to use ordinary care in the particulars inquired about, they should be found guilty of negligence."

It has been held many times that it is error for counsel in his argument to inform the jury of the effect of their answers. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Panhandle & Santa Fe Ry. Co. v. Ray, Tex.Civ.App., 221 S.W.2d 936; Hodges v. Alford, Tex.Civ.App., 194 S.W.2d 293; Airline Motor Coaches v. Curry, Tex.Civ.App., 191 S.W.2d 98; Pacific Employers Ins. Co. v. Barnett, Tex. Civ.App., 230 S.W.2d 331. However, from what we have before us, we are unable to say that the argument made was calculated to inform the jury of the effect of their answers to the issues submitted. It would take a stretch of the imagination to come to that conclusion.

Regardless of this, the Supreme Court of Texas, in the recent case of Aultman v. Dallas Railway & Terminal Co., 260 S.W. 2d 596, has held that before an argument will be regarded as reversible error, it must first be improper, and further be of such a nature as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. We do not feel that the argument complained of was of such a nature.

The judgment is affirmed.

NORVELL and POPE, JJ., concur.