

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00501-CV

Eric **GARCIA** and Martin Marietta Materials Southwest, LLC d/b/a Martin Marietta,
Appellants

v.

Brenda **STEELE** and Sierrah Walters,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CI02780
Honorable Nicole Garza, Judge Presiding

Opinion by:     H. Todd McCray, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: April 29, 2026

REVERSED AND REMANDED

Appellants Eric Garcia and Martin Marietta Materials Southwest, LLC, challenge a judgement rendered on a jury verdict arising from a motor vehicle collision. They raise multiple issues, including the trial court's directed verdict on appellee Brenda Steele's comparative negligence, the exclusion of certain medical billing evidence, and the sufficiency of the evidence supporting damages. Because we conclude that the trial court erred in removing the issue of

Steele's negligence from the jury when there was more than a scintilla of evidence raising a fact issue on that question, we reverse and remand for a new trial.

## BACKGROUND

As this is a memorandum opinion and the parties are familiar with the facts of the case, we will not recite them here except as necessary to advise the parties of this court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

This case arises from a motor vehicle collision occurring on a private roadway in a Walmart parking area. The roadway was not marked with a center line or other lane stripes. Witnesses described the area as a curved, or S-shaped, roadway. Traffic in the area was heavy and congested with vehicles proceeding through the intersection in close proximity to one another. Appellant Eric Garcia and appellee Brenda Steele approached the intersection from opposite directions. Both drivers stopped at the stop sign and then proceeded into the curved portion of the roadway. As they passed one another, their vehicles made contact.

The parties' accounts of the collision share a central similarity and a critical conflict. Neither driver testified to observing the precise position of the other vehicle at the moment of impact. But each driver testified that he or she remained within the proper lane of travel—thereby implying that the other did not.

Following the presentation of evidence, appellees moved for a directed verdict on the issue of Steele's comparative negligence, asserting that there was no evidence that Steele was contributorily at fault in the collision. Appellants objected asserting that the best evidence was Garcia's testimony that he remained in his own lane of travel, which was some evidence that Steele had departed her lane. The trial court granted the motion.

At the charge conference, appellants objected to the charge and again sought to add a question on Steele's comparative negligence. The trial court overruled this objection. The charge

submitted to the jury asked only whether the negligence of Garcia and Martin Marietta proximately caused the occurrence. The jury returned a verdict in favor of appellees. Appellants filed post-trial motions challenging, among other things, the directed verdict and the failure to submit a jury instruction regarding comparative negligence. The trial court denied those motions and rendered judgment on the verdict.

## STANDARD OF REVIEW

We review a trial court's grant of directed verdict de novo. *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022). A directed verdict may be proper in two situations. *Prudential Ins. Co. of Am. v. Fin. Review Services, Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). "First, a court may direct a verdict when a [party] fails to present evidence raising a fact issue essential to the [party's] right of recovery." *Id*. "Second, as other courts have held, a trial court may direct a verdict for the defendant if the plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action." *Id*.

In a challenge to a directed verdict granted on the first basis, we must determine whether there is any evidence to raise a fact issue. *Millan v. Dean Witter Reynolds, Inc.*, 90 S.W.3d 760, 767 (Tex. App.—San Antonio 2002, pet. denied)**.** Disregarding all contrary evidence and inferences, we must view the evidence in the light most favorable to the party suffering the adverse judgment and determine whether there is any evidence to raise a fact issue. *Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994). "If the record contains any probative and conflicting evidence on a material issue, then the jury should have resolved the issue." *Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 131 S.W.3d 113, 120 (Tex. App.—San Antonio 2004), *aff'd*, 159 S.W.3d 87 (Tex. 2005). If the directed verdict was granted in error, the case must be reversed and remanded for a jury's determination on that issue. *Szczepanik*, 883 S.W.2d at 649.

**ANALYSIS**

In their first issue, appellants assert the trial court erred by granting a directed verdict on the issue of Steele's contributory negligence.[1] We agree.

***Relevant Law***

To prevail on a negligence claim, a party must demonstrate "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 197 (Tex. 2025) (citation omitted). "Contributory negligence contemplates an injured person's failure to use ordinary care in regard to his or her own safety." *Kroger Co. v. Keng*, 23 S.W.3d 347, 351 (Tex. 2000). "This affirmative defense requires proof that the plaintiff was negligent and that the plaintiff's negligence proximately caused his or her injuries." *Id. See also Alamo Motor Lines v. Maldonado*, 271 S.W.2d 693, 694 (Tex. App.—San Antonio 1954, writ ref'd n.r.e.) ("[W]here a plaintiff fails to use any care for his own safety and it is apparent that if he had used ordinary care the accident would not have happened, then he is guilty of contributory negligence as a matter of law.").

"It is well-established that drivers owe a common-law duty to act as a reasonably prudent person toward others on the road." *Cantu v. Libson*, No. 04-25-00040-CV, 2025 WL 3295337, at *3 (Tex. App.—San Antonio Nov. 26, 2025, no pet.) (mem. op.) (cleaned up). "Drivers also have the general duty to keep a proper lookout[.]" *Id.* "A proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity,

---

[1] In this first issue, appellants also assert that the trial court erred by failing to include their charge question addressing Steele's negligence. These are related but distinct issues. *See Gespa Nicaragua, S.A. v. Recom AG*, 705 S.W.3d 362, 394 (Tex. App.—El Paso 2024, pet. denied) ("Charge error and directed verdict error are two separate issues triggered by separate judicial rulings and reviewed under separate standards of review."). However, because the trial court granted Steele's motion for a directed verdict, it eliminated appellants' contributory negligence claim and therefore had no duty to provide a jury charge on the claim. *Id.*; *see also Dziedzic v. Stephanou*, No. 14-97-00163-CV, 1999 WL 795994, at *9 (Tex. App.—Houston [14th Dist.] Oct. 7, 1999, pet. denied) ("Because this case was decided by directed verdict, any error in the charge could not have caused rendition of an improper judgment; therefore the alleged error in the charge is moot.").

including speed and proximity of other vehicles as well as rules of the road and common experience." *Montes v. Pendergrass*, 61 S.W.3d 505, 509 (Tex. App.—San Antonio 2001, no pet.) (cleaned up).

It is undisputed that the accident occurred on a private roadway that, despite lacking a center line or other lane stripes, was wide enough for two cars traveling in opposite directions to pass each other safely. At trial, Garcia repeatedly testified that he had stayed in his lane throughout the incident. Therefore, it is reasonable to infer from Garcia's testimony that Steele did not remain in her lane (i.e., on her side of the road). *See In re E.N.C.*, 384 S.W.3d 796, 804 (Tex. 2012) (stating that a trier of fact is permitted to draw reasonable and logical inferences); *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) ("[I]f the evidence allows of only one inference, neither jurors nor the reviewing court may disregard it."); *Garcia v. State*, No. 04-18-00027-CR, 2018 WL 6624891, at *6 (Tex. App.—San Antonio Dec. 19, 2018, pet. ref'd) (mem. op.) ("[J]urors are called upon to use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence.") (cleaned up).

Disregarding all contrary evidence and inferences, Garcia's testimony provides evidence of a probative nature that Steele failed to observe the rules of the road by departing from her side of the road while she and Garcia were passing each other.[2] Because this is some evidence that Steele breached her common-law duty to keep a proper lookout, and that this breach was a cause of the accident, it was error for the trial court to grant the directed verdict on the issue of her contributory negligence. *Cortez*, 131 S.W.3d at 120 ("If the record contains any probative and conflicting evidence on a material issue, then the jury should have resolved the issue.").

---

[2] *See*, *e.g.*, TEX. TRANSP. CODE § 545.051(a) ("An operator on a roadway of sufficient width shall drive on the right half of the roadway[.]"); *id*., at § 545.052(1) ("An operator moving in the opposite direction of the movement of another operator shall: move to or remain to the right[.]").

Though we are to disregard all contrary evidence and inferences, even if we consider Steele's testimony that she remained on her side of the road—along with Garcia's testimony that he did as well—this merely establishes "conflicting evidence of probative nature" and, as such, the "determination of [that] issue is for the jury." *See White v. Southwestern Bell Tel. Co., Inc.*, 651 S.W.2d 260, 262 (Tex. 1983); *Brown v. Goldstein*, 685 S.W.2d 640, 641 (Tex. 1985) (where evidence was conflicting, it is error to refuse submission of contributory negligence issues).

Because this issue involves conflicting testimony from the two drivers, the determination of that question will likely turn on the credibility of the witnesses. Under this record, the trial court should have left this fact issue and credibility determinations for the jury's resolution. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) ("Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony."); *Alamo Motor Lines v. Maldonado*, 271 S.W.2d 693, 694 (Tex. App.—San Antonio 1954, writ ref'd n.r.e.) ("It is well settled law in this State that, as a general rule, the question of whether a plaintiff is guilty of contributory negligence is usually a question of fact to be determined by the jury.") (collecting cases).

### APPELLANTS' REMAINING ISSUES

Appellants have also raised the following issues in this appeal:

- The trial court erred by excluding evidence of amounts received by Steele's medical providers;
- The trial court erred by admitting plaintiff's expert opinions concerning medical charges;
- Whether the jury's award of future medical expenses is supported by sufficient evidence; and
- Whether the jury's award of noneconomic damages are excessive or supported by sufficient evidence.

For several reasons, we decline to reach these remaining issues.

"The current appellate rules are written to discourage appellate courts from addressing much beyond what is "necessary" in opinions." *In re S.N.*, 272 S.W.3d 45, 57 (Tex. App.—Waco 2008, no pet.). Rule of Appellate Procedure 47.1 addresses the scope of appellate court opinions, providing, "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. *See also* Tex. R. App. P. 47.1 ("If the issues are settled, the court should write a brief memorandum opinion no longer than necessary to advise the parties of the court's decision and the basic reasons for it."). And there is the settled principle that courts should exercise restraint when deciding cases. *See Builder Recovery Services, LLC v. Town of Westlake*, 650 S.W.3d 499, 508 (Tex. 2022) ("Judicial restraint counsels against deciding unnecessary issues.") (cleaned up).

## CONCLUSION

Based on this record, we conclude that Garcia's testimony supports the reasonable inference that Steele's failure to keep a proper lookout contributed to the accident and her alleged harm. *See Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 234 (Tex. 2004) ("[W]e give the losing party the benefit of all reasonable inferences created by the evidence."). We therefore conclude the trial court erred in granting the directed verdict because the record contains more than a scintilla of evidence raising a fact issue regarding Steele's contributory negligence. *Id*. ("If the evidence . . . rises to a level that would enable reasonable and fair-minded people to differ in their conclusions, it constitutes more than a scintilla of evidence and the case must be reversed and remanded for a jury determination."). Point of error number one is sustained and we decline to address appellants' remaining issues. Accordingly, the judgment of the trial court is reversed and the cause is remanded for new trial.

H. Todd McCray, Justice